966 So.2d 853 (2007)
Freddie B. MOORE and Viola B. Moore, Appellants
v.
Earl WILSON, Sr. and Jeanette D. Wilson, Appellees.
No. 2006-CA-00363-COA.
Court of Appeals of Mississippi.
October 2, 2007.
Johnnie McDaniels, Jackson, attorney for appellants.
Melvin Hurley McFatter, Port Gibson, attorney for appellees.
Before KING, C.J., CHANDLER and CARLTON, JJ.
KING, C.J., for the Court.
¶ 1. Freddie and Viola Moore appeal the Claiborne County Chancery Court's decision denying their motion to re-open the time for appeal. The chancellor previously cited Moore for contempt of a 1991 agreed decree that established the common boundary line between the Moores and their neighbors, Earl Wilson, Sr. and Jeanette Wilson. On appeal, the Moores challenge the decree's validity, the court's citation for contempt, the denial of the motion to re-open time for appeal, and the award of attorney's fees to the Wilsons' attorney. Finding that we have no jurisdiction because the appeal was not timely filed, we dismiss the appeal.

FACTS
¶ 2. The Moores and Wilsons live on adjoining land, once commonly owned by Leola Turnipseed, Irwin Turnipseed, Jr. and Alice Bass in Claiborne County, Mississippi. Errors in the land deed descriptions, however, led to disputes regarding the common boundary line between the properties. To settle the disputes, Mr. Moore filed a complaint in the chancery court against the Turnipseeds, Bass, and the Wilsons.
*854 ¶ 3. On November 28, 1990, the chancery court held a hearing regarding the disputed property. The court viewed the property and the chancellor dictated an agreed decree into the record, setting out the common boundary line between the neighbors. The agreed decree was later reduced to writing and entered into the record on January 8, 1991. The decree required the Moores and Wilsons to construct a fence along the established boundary line within ten days of the January 8th judgment and to equally split the cost of the court appointed land surveyor.
¶ 4. The boundary fence remained unaltered until May 2005, when Mr. Moore removed a portion of the fence. Mr. Wilson, after discovering the boundary line alteration, filed a motion for citation of contempt of the 1991 order. The Moores argued that they were not in contempt of court because they only received a copy of the 1991 agreed decree when they were served with the motion for citation of contempt in June 2005.
¶ 5. On July 19, 2005, the court held a hearing on the contempt motion. The chancellor found that the 1991 agreed decree was res judicata regarding the properties' common boundary line. The court found Mr. Moore in willful contempt of the decree for his intentional moving and destruction of a portion of the established boundary fence. The court required the Moores to pay the Wilsons the cost of the court action, including attorney's fees in the amount of $1,542.47, as well as interest. The court directed the Wilsons to file the judgment in the county's judgment rolls and directed the Moores to repair the fence no later than October 6, 2005.
¶ 6. At the time of trial, the Moores' attorney indicated that his clients wished to appeal the court's decision. When the time for appeal expired, the Moores had not filed a notice of appeal with the court clerk's office.
¶ 7. On October 20, 2005, the Wilsons served the Moores with a second motion for citation of contempt, as well as a copy of the court's September 8, 2005, decree. On November 3, 2005, the Moores filed a motion to re-open time for the appeal. The court held a simultaneous hearing on the contempt motion and the request for reopening the time for appeal.
¶ 8. The chancellor denied the motion to re-open the time for appeal as untimely filed. The court found the Wilsons mailed a copy of the court's decree to the Moore's attorney on September 8, 2005. The court noted that although the Moores' attorney denied ever receiving a copy of the September 8th decree, on November 3, 2005, the Moores' attorney served upon the Wilsons' attorney a motion to re-open the time for appeal. The court found that the Moores failed to file their motion to extend the time for appeal within Mississippi Rule of Appellate Procedure 4(h).
¶ 9. Regarding the second motion for citation of contempt, the court approved an agreement set forth by the parties in which the Moores would repair and replace the fence on the common boundary line to the condition it was in before Mr. Moore's interference. The Moores also agreed to pay the Wilsons for their expenses in bringing the two actions for contempt, including attorney's fees and expenses in the amount on $2,600, plus interest. The Moores were to post a $2,600 cash bond with the court clerk and that money would be held by the clerk pending the outcome of the Moores' appeal from the denial of the motion to re-open time for appeal.

STANDARD OF REVIEW
¶ 10. This Court reviews a chancellor's finding of fact under a clearly erroneous or *855 manifest error standard. Sanderson v. Sanderson, 824 So.2d 623, 625-26(¶ 8) (Miss.2002). This Court will not reverse unless we find the chancellor's decision was manifestly wrong, clearly erroneous, or that the chancellor erroneously applied a legal standard. Bradford v. Williams, 797 So.2d 352, 354(¶ 5) (Miss.Ct.App.2001). Questions of law, however, are reviewed de novo and cases are subject to reversal for erroneous interpretations or applications of the law. Pearl Pub. Sch. Dist. v. Groner, 784 So.2d 911, 913-14(¶ 7) (Miss.2001).

ANALYSIS
I. Whether the Chancellor erred by denying the Moore's motion to re-open time for appeal.
¶ 11. Parties seeking to appeal trial court decisions must file a notice of appeal within thirty days of the judgment or order's entry. M.R.A.P. 4(a). The chancellor entered the decree on September 8, 2005.
¶ 12. In this case, the court clerk's office did not notify the Moores immediately following the entry of the September 8th decree, as is required by Rule 77(d) of the Mississippi Rules of Civil Procedure. However, the clerk's failure to notify the Moores about the decree's entry does not excuse the Moore's failure to appeal in a timely manner, except as permitted by Rule 4(h) of the Mississippi Rules of Appellate Procedure. Byrd v. Biloxi Reg'l Med. Ctr., 722 So.2d 166, 168(¶ 11) (Miss. Ct.App.1998).
¶ 13. Rule 4(h) provides that, if a party has not been notified of a judgment's entry by the clerk or any other party within twenty-one days of the judgment's entry, the court may re-open the time for appeal, granted neither party would be prejudiced and the movant files a motion within one hundred-eighty days of the judgment entry or within seven days of being notified of the entry, whichever is earlier. M.R.A.P. 4(h).
¶ 14. In denying the Moore's motion to re-open the time for appeal, the chancellor found that the Wilsons mailed a certified copy of the decree to the Moores' attorney on September 8, 2005, as evidenced by the Wilson's attorney's certificate of service. However, the Moore's attorney denied receiving the decree. While giving the Moore's attorney the benefit of the doubt, the chancellor noted that on October 20, 2005, the Wilsons personally served the Moores a copy of the court's September 8th decree. The Moores did not file a notice of appeal until November 3, 2005, more than thirty days after entry of the decree, and more than ten days after the Moores received the decree.
¶ 15. Under the requirements of Rule 4(h), the Moores should have filed their notice to reopen the time for appeal within seven days after receipt of the notice of the decree. The Moores filed their request to reopen the time for appeal approximately fourteen days after the receipt of the notice of the decree. Rule 4(h) requires the court to apply the limitations for re-opening the time for appeal in an obligatory and nondiscretionary matter. Rice v. Perma Corp., 908 So.2d 875, 878-79(¶ 12) (Miss.Ct.App.2005). The chancellor did not err in finding that the court lacked jurisdiction to grant the Moores' untimely motion for extending the time for appeal of the September 8, 2005 decree. Timely notice of appeal is jurisdictional so that the failure to comply deprived the trial court of jurisdiction.
¶ 16. The Moores' failure to give timely notice of the appeal in the trial court also leaves this Court without jurisdiction to consider the matter. See Byrd, 722 So.2d at 168. Pursuant to Mississippi Rule of Appellate Procedure 2(c), this Court may *856 not extend the time for filing a civil appeal, and under Rule 2(a)(1), this Court must dismiss any untimely civil appeal.
¶ 17. Accordingly, this Court finds that this appeal is not timely and it is therefore dismissed for want of jurisdiction.
¶ 18. THE APPEAL OF THE JUDGMENT OF THE CLAIBORNE COUNTY CHANCERY COURT IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.