985 So.2d 362 (2008)
Larry Brian SCURLOCK, Appellant,
v.
Kathy B. PURSER (Scurlock), Appellee.
No. 2007-CA-00792-COA.
Court of Appeals of Mississippi.
June 17, 2008.
*363 William P. Featherston, Jr., Ridgeland, attorney for appellant.
Melissa Ann Malouf, Jackson, attorney for appellee.
Before LEE, P.J., IRVING and ROBERTS, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. Larry Brian Scurlock (Brian) and Kathy B. Purser Scurlock (Kathy) were *364 granted a divorce based on irreconcilable differences on May 31, 2005. Brian and Kathy were granted joint legal and physical custody of their two minor children.
¶ 2. On July 14, 2006, Kathy filed for emergency relief and for modification of the custody order in the Hinds County Chancery Court. Brian filed a counterclaim for emergency relief and for modification of the custody order. The chancery court granted Kathy's petition in part and denied it in part. The chancery court also granted Brian's counterclaim in part and denied it in part. Brian was also ordered to pay Kathy $4,800 in attorney's fees.
¶ 3. Brian now appeals, asserting that the chancellor erred by ordering him to pay Kathy's attorney's fees. Kathy asks that the award of attorney's fees be affirmed and that she be awarded post-judgment interest. She also asks for one-half of the amount of attorney's fees previously awarded to her for her costs as a result of this appeal.

STANDARD OF REVIEW
¶ 4. "The award of attorney fees in divorce cases is left to the discretion of the chancellor, assuming he follows the appropriate standards." Creekmore v. Creekmore, 651 So.2d 513, 520 (Miss.1995). "Attorney fees are not generally awarded unless the party requesting such fees has established the inability to pay." Id. "The fee should be fair and should only compensate for services actually rendered after it has been determined that the legal work charged for was reasonably required and necessary." Id. (quoting Dunn v. Dunn, 609 So.2d 1277, 1286 (Miss.1992)). Unless the chancellor abused his discretion or is manifestly wrong, his decision regarding attorney's fees will not be disturbed on appeal. Dunn, 609 So.2d at 1287.

DISCUSSION
I. DID THE CHANCELLOR ABUSE HER DISCRETION IN AWARDING KATHY ATTORNEY'S FEES?
¶ 5. Brian argues that the chancellor abused her discretion in awarding attorney's fees to Kathy because Kathy had the financial ability to pay her own attorney's fees. Brian also asked that Kathy be ordered to pay his attorney's fees, which were $8,400.
¶ 6. At the time of the hearing, Kathy's gross monthly income was $3,850, and Brian's gross monthly income was $2,712. Brian argues that since Kathy's monthly income was higher than his, he should not have to pay her attorney's fees. In awarding Kathy attorney's fees, the chancellor stated that she took into consideration the parties' income and financial obligations. With regard to Kathy's financial situation, the chancellor stated that Kathy "does not have additional income to pay the attorney fees that were outlined for her, that being $6,480, and for that reason, the Court shall order a partial attorney fee in the amount of $4,800." Kathy testified that she could not afford her legal fees and had authorized her counsel to have settlement conferences with the judge in this matter to reduce her legal fees. Her 8.05 financial declaration showed that her monthly expenses exceeded her income, and it showed that she had borrowed $4,000 from her parents to pay toward her attorney's fees. She also testified that her parents were keeping the children because she could not afford daycare.
¶ 7. In Bates v. Bates, 755 So.2d 478 (Miss.Ct.App.1999), the Court stated the law on awarding attorney's fees as follows:
The Mississippi Supreme Court has held that when a party is able to pay attorney's fees, an award of attorney's fees is not appropriate. However, where the *365 record shows an inability to pay and a disparity in relative financial positions of the parties, there is no error in awarding attorney's fees. The supreme court has also held that consideration of the relative worth of the parties, standing alone, is insufficient. The record must reflect the requesting spouse's inability to pay his or her own attorney's fees.
Id. at 482(¶ 11) (citations omitted). We cannot find that the chancellor abused her discretion in awarding Kathy partial attorney's fees. We also award Kathy post-judgment interest pursuant to Mississippi Rule of Appellate Procedure 37.[1]
II. SHOULD KATHY BE GRANTED ATTORNEY'S FEES ON APPEAL?
¶ 8. Kathy requests that this Court order Brian to pay her attorney's fees incurred in this appeal.
¶ 9. "This Court has generally awarded attorney's fees on appeal in the amount of one-half of what was awarded in the lower court." Makamson v. Makamson, 928 So.2d 218, 222(¶ 18) (Miss.Ct.App. 2006). "Attorney's fees are based upon necessity rather than entitlement." Id.
¶ 10. The chancery court found that Kathy was unable to pay her attorney's fees because of her limited resources and awarded her attorney's fees in the amount of $4,800. We grant Kathy's motion for attorney's fees on appeal in the amount of $2,400.
¶ 11. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. THE APPELLEE IS AWARDED ATTORNEY'S FEES ON APPEAL IN THE AMOUNT OF $2,400. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Mississippi Rule of Appellate Procedure 37 states: "Unless otherwise provided by law, if a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date judgment was entered in the court or commission below."