## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00879-COA

**ELIZABETH WEATHERLY BAILEY**            **APPELLANT**

**v.**

**LOUIS RODNEY LUKE CHAMBLEE JR.**         **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/22/2012 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | DAVID W. CRANE |
| ATTORNEY FOR APPELLEE: | CLAY L. PEDIGO |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| TRIAL COURT DISPOSITION: | JUDGMENT FOR APPELLEE OF $14,892.78 PLUS POST-JUDGMENT INTEREST AT THE RATE OF EIGHT PERCENT PER ANNUM |
| DISPOSITION: | DISMISSED FOR LACK OF JURISDICTION; AN AWARD OF $3,857.62 IN ATTORNEYS' FEES ON APPEAL IS GRANTED TO THE APPELLEE - 05/17/16 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.     Luke Chamblee sued Elizabeth Weatherly Bailey in county court after Bailey refused to close on a contract to buy Chamblee's house. The county court found that Bailey breached the contract, awarded damages, and entered judgment in favor of Chamblee. Bailey appealed to the circuit court, and the circuit court affirmed. However, the parties did not receive notice of the circuit court's order for more than fifteen months after it was entered. Upon

receiving notice of the order, Bailey moved to reopen the time for filing a notice of appeal, and the circuit court granted her motion. However, the circuit court was without authority to reopen the time for appeal because more than 180 days had elapsed since it entered its order affirming the county court. Accordingly, Bailey's notice of appeal was untimely, and this appeal must be dismissed for lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

¶2. On October 30, 2006, Bailey entered into a contract to buy Chamblee's house for $214,000. An addendum to the contract included a home inspection contingency, which provided:

> **Home Inspection:** The Contract is contingent on the Buyer securing, at [her] own expense, a Home Inspection . . . within 10 business days . . . , and then notifying Seller in writing of the removal of this contingency, or providing Seller with a written list of repairs . . . . Seller shall respond in writing to Buyer within 48 hours of receiving the list of requested repairs, [stating] what he is willing to repair. Buyer shall accept or reject, in writing, the Seller's proposed repairs within 48 hours. Should Buyer find the Home Inspection . . . unsatisfactory, Buyer, at [her] sole discretion, may declare the contract null and void and Seller shall immediately refund Buyer's earnest money in full.

¶3. On November 14, 2006, after the home inspection, the parties agreed to another addendum to the contract, which stated:

> The contingency of a satisfactory home inspection is lifted, provided that the seller repairs the following items:
>
> 1. Make minor adjustments to the jackstands as needed on an individual basis to restore the bearing at each location as appropriate.
>
> 2. Deteriorated wood present under the crawl space be replaced.
>
> 3. Soffit and fascia are metal and vinyl. Area on rear is missing some sections. Please repair and replace this as needed.

4. Install junction boxes as needed and repair as appropriate.

¶4.    The contract's original closing date was November 27, 2006. At Bailey's request, the parties signed an addendum to the contract to push the closing date back to December 29, 2006. Chamblee agreed to the addendum on the condition that any further extension would require an additional $2,000 non-refundable deposit from Bailey.

¶5.    Prior to the closing date, the repairs numbered 1, 2, and 4 above were completed at a cost to Chamblee of approximately $1,300. Chamblee acknowledged that item 3 was not finished on the closing date; however, he testified that he had already scheduled a contractor to make the repair at a cost of $300, and that the repair was made on January 2, 2007.

¶6.    Bailey's real estate agents[1] walked through the home with her around 10 a.m. on the closing date. Closing was scheduled for 3 p.m. that afternoon. One of Bailey's agents, Missy Webb, testified that the house needed to be cleaned, that a "few" of Chamblee's personal possessions were still in the house, that there was a "PODS" storage unit on the driveway, and that the soffit had not been repaired on the back of the house. Otherwise, the house was ready to close. Bailey's other agent, Cathey Russell, and Chamblee's agent, Locke Ward, and others cleaned the house and removed all personal possessions from it prior to the scheduled closing. According to Bailey's agents, Bailey saw that the soffit had not been repaired; however, it appears that neither agent perceived the issue to be an impediment to closing. In pretrial affidavits, Ward and Russell each stated that Ward arranged with the closing attorney to escrow the $300 cost of the repair. Russell's affidavit characterized this

_____

[1] Bailey herself is a licensed real estate agent.

3

as a "routine procedure in the closing process."

¶7.    After the house was cleaned and personal possessions were removed, Russell asked Bailey to come back to the house for a final walk-through, but Bailey refused. Chamblee and Ward were waiting for Bailey at the closing attorney's office at 3 p.m. However, the closing attorney informed them that Bailey had called and cancelled. No explanation was given for the cancellation.

¶8.    Bailey continued to refuse to close on the house, so on March 12, 2007, Chamblee filed suit in the County Court of Hinds County for breach of contract. The case was scheduled for a bench trial on February 19, 2008. On February 1, 2008, Bailey filed a motion for summary judgment, attaching her affidavit and the parties' contract as exhibits. Bailey argued that because the soffit was not repaired on the closing date, the contract's home inspection contingency afforded her the "sole discretion" to "declare the contract null and void." That is, she argued that Chamblee's failure to complete all four agreed upon repairs prior to closing revived the contingency and, with it, her "discretion" to walk away. Chamblee responded to Bailey's motion, attaching affidavits from himself, Webb, Russell, and Ward. Chamblee argued that his failure to repair the soffit prior to closing was not a material breach, so Bailey had no right to cancel the contract. The county court judge heard argument on Bailey's motion on the morning of trial and denied the motion. The parties then proceeded directly to trial, which concluded that afternoon. Chamblee testified and called Webb, Russell, and Ward as witnesses. Bailey did not appear at the hearing (other than through counsel) and called no witnesses.

4

¶9. The county court judge found that Bailey had breached the contract and awarded Chamblee damages of $14,752.14. This consisted of the $5,500 difference between the price Bailey had agreed to pay for the house and the price for which it eventually sold; $1,537.50 in closing costs, which Bailey had agreed to pay but the eventual buyer would not agree to pay; and $7,715.24 in attorneys' fees.[2] The court also awarded Chamblee costs of $140, for a total judgment of $14,892.74, plus eight percent post-judgment interest. Judgment was entered on March 7, 2008, and Bailey filed a notice of appeal to circuit court.

¶10. The trial transcript was filed in October 2009, and the circuit clerk finished assembling the record on appeal in August 2010. The parties filed their appellate briefs in the circuit court in April 2011, and on May 22, 2012, the circuit court entered an order affirming the judgment of the county court. However, the circuit clerk did not provide notice of the order to the parties. Neither party received notice of the order until the circuit judge's law clerk spoke with counsel for both parties on September 5, 2013. The next day, Bailey filed a motion to reopen the time for appeal. At a hearing in June 2014, the circuit court granted Bailey's motion, and Bailey filed a notice of appeal.

## DISCUSSION

### I. Appellate Jurisdiction

¶11. "Regardless of whether the parties raise jurisdiction, the Court is required to note its own lack of jurisdiction, and if the notice of appeal is not timely filed, the appellate court simply does not have jurisdiction." *Smith v. Parkerson Lumber Inc.*, 890 So. 2d 832, 834

---

[2] The parties' contract provides that a defaulting party must pay reasonable attorneys' fees and court costs incurred by the other party in the enforcement of the contract.

5

(¶12) (Miss. 2003); *see also* M.R.A.P. 2(a)(1) ("An appeal shall be dismissed if the notice of appeal was not timely filed pursuant to [Mississippi] Rules [of Appellate Procedure] 4 or 5.").

¶12. In this case, it is undisputed that Bailey did not file her notice of appeal within thirty days of the circuit court's order affirming the judgment of the county court, as required by Mississippi Rule of Appellate Procedure 4(a). The reason that she did not is that the circuit clerk failed to provide notice of the order as required by Mississippi Rule of Civil Procedure 77(d). Mississippi Rule of Appellate Procedure 4(h) governs motions to reopen the time for appeal in this situation:

> **(h) Reopening Time for Appeal.** The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, *upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier*, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

M.R.A.P. 4(h) (emphasis added). Rule 4(h) provided no authority to reopen the time for appeal in this case because Bailey's motion was not "filed within 180 days of entry of the judgment or order." *Id.* It was filed approximately 473 days after the order was entered.

¶13. In the circuit court, Bailey suggested that the time for appeal could be reopened under Mississippi Rule of Civil Procedure 60(b)(6).[3] However, this Court previously rejected the same argument. "While we acknowledge that a trial judge has broad authority pursuant to

---

[3] "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason justifying relief from the judgment." M.R.C.P. 60(b)(6).

Mississippi Rule of Civil Procedure 60(b) to grant relief *from the judgment*, this rule does not authorize a trial judge to extend, toll, reopen, or otherwise grant an appellant additional time in which to file a notice of appeal." *In re A.M.A.*, 986 So. 2d 999, 1008 (¶18) (Miss. Ct. App. 2007). Indeed, Mississippi Rule of Civil Procedure 77(d) makes clear that Rule 60(b) cannot be interpreted to authorize such relief: "Lack of notice of the entry [of an order or judgment] by the clerk does not affect the time to appeal, nor relieve, nor authorize the court to relieve, a party for failure to appeal within the time allowed, *except as permitted by the Mississippi Rules of Appellate Procedure*." M.R.C.P. 77(d) (emphasis added).[4] The Rules of Appellate Procedure do not permit the trial court to grant a motion to reopen the time for appeal outside of Rule 4(h)'s 180-day limitation. *Holliman v. State*, 129 So. 3d 937, 941 (¶14) (Miss. Ct. App. 2013). Indeed, the trial court has "no jurisdiction" even to consider such a motion. *Edmond v. State*, 991 So. 2d 588, 592 (¶18) (Miss. 2008).

¶14. In criminal cases, the Supreme Court or this Court—as opposed to the trial court—does have authority under Mississippi Rule of Appellate Procedure 2(c) to suspend the rules and allow an untimely appeal. *Holliman*, 129 So. 3d at 942 (¶16). However, Rule 2(c) makes clear that "in civil cases the time for taking an appeal as provided in Rules 4 or 5 may not be extended." M.R.A.P. 2(c); *see Moore v. Wilson*, 966 So. 2d 853, 855-56 (¶¶15-16) (Miss. Ct. App. 2007); *see also* M.R.A.P. 26(b) ("the Supreme Court will not enlarge the

---

[4] Bailey's motion in the circuit court also cited Rule 60(a). However, for the reasons noted in the text, Rule 60(a) also cannot be interpreted to authorize the trial court to reopen the time for filing a notice of appeal. Moreover, Rule 60(a) only provides a procedure for the correction of "[c]lerical mistakes" in the record; it does not authorize the trial court to reopen the time for appeal.

time for filing notice of appeal"). Accordingly, this Court also has no discretion to allow Bailey's untimely appeal.

¶15. Because the circuit court lacked authority to reopen the time for filing a notice of appeal, Bailey's notice of appeal was not timely filed. "[I]f the notice of appeal is not timely filed, [this Court] simply does not have jurisdiction." *Smith*, 890 So. 2d at 834 (¶12). Accordingly, we must dismiss the appeal for lack of jurisdiction.

## II. Appellate Attorneys' Fees

¶16. Chamblee requests an award of appellate attorneys' fees pursuant to the parties' contract, which provides that a defaulting party agrees to pay reasonable attorneys' fees incurred by the other party in enforcing the contract. This Court may award appellate attorneys' fees that are authorized by a contract. *See, e.g.*, *Morgan v. U.S. Fid. & Guar. Co.*, 191 So. 2d 917, 924 (Miss. 1966). We generally award appellate attorneys' fees equal to "one-half of what was awarded in the trial court." *Martin v. Williams*, 172 So. 3d 782, 787 (¶17) (Miss. Ct. App. 2013) (quoting *Scurlock v. Purser*, 985 So. 2d 362, 365 (¶9) (Miss. Ct. App. 2008)) (alteration omitted). Consistent with this general rule, Chamblee requests half of the $7,715.24 awarded by the county court, or $3,857.62.

¶17. We conclude that we have jurisdiction to award appellate attorneys' fees even though we lack appellate jurisdiction to review the judgment below. *See Morand v. Stoneburner*, 516 So. 2d 270, 271 (Fla. Dist. Ct. App. 1987) (holding that even if an appeal is dismissed for lack of appellate jurisdiction, the appellate "court has jurisdiction to determine its [own] jurisdiction" and "ancillary" jurisdiction to award attorneys' fees). Chamblee defended the

8

present appeal as part of his successful lawsuit to enforce the parties' contract. Therefore, the contract entitles him to reasonable attorneys' fees for the appeal. His request of one-half of the amount awarded by the county court is reasonable, particularly since he did not request any additional fees for the first appeal to the circuit court. Accordingly, we award Chamblee appellate attorneys' fees of $3,857.62.

## CONCLUSION

¶18. Bailey's notice of appeal was not timely filed, and the circuit court lacked authority to reopen the time for appeal more than 180 days after entry of its order affirming the county court. Therefore, we must dismiss Bailey's appeal for lack of jurisdiction. Pursuant to the parties' contract, we award Chamblee appellate attorneys' fees of $3,857.62.

¶19. **THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION, AND AN AWARD OF $3,857.62 IN ATTORNEYS' FEES ON APPEAL IS GRANTED TO THE APPELLEE. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR AND GREENLEE, JJ., CONCUR. ISHEE, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., AND JAMES, J. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**

**ISHEE, J., SPECIALLY CONCURRING:**

¶20. While I agree with the majority's decision regarding attorneys' fees, I must speak out with respect to the jurisdictional issue. I acknowledge that the law cited by the majority is valid and applicable. Nonetheless, I find that in the interests of justice the law on point should be amended. When timely notice is not given due to failure of the clerk to provide such notice, and through no fault of the attorneys or parties, there should be an avenue by

9

which jurisdiction is conferred upon an appellate court for review of the case. The law, such as it is, invites abuse of the appellate process. As such, I concur with the majority's dismissal of the action as an accurate statement of the law, but find major fault with the law as it is currently written.

**LEE, C.J., AND JAMES, J., JOIN THIS OPINION.**