# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00580-COA

**JAMES RHEA**                                                         **APPELLANT**

**v.**

**CAREER GENERAL AGENCY, INC.,**                             **APPELLEES**
**GUIDEONE AMERICA INSURANCE**
**COMPANY AND DENNIS BASDEN**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/03/2020 |
| TRIAL JUDGE: | HON. JOHN KELLY LUTHER |
| COURT FROM WHICH APPEALED: | UNION COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WILLIAM O. RUTLEDGE III |
| | KAYLYN HAVRILLA McCLINTON |
| ATTORNEY FOR APPELLEES: | CHRISTOPHER LYNN EHRESMAN |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | APPEAL DISMISSED IN PART; AFFIRMED IN PART - 12/06/2022 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., GREENLEE AND LAWRENCE, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1. James Rhea filed a complaint in the Circuit Court of Union County against his former employer, Career General Agency Inc. (CGA), a subsidiary of GuideOne America Insurance Company (GuideOne), and Dennis Basden, CGA's Mississippi representative (collectively referred to as the Appellees). The Appellees filed a motion to dismiss, which the circuit court granted, finding Rhea's claims barred by a three-year statute of limitations. The court subsequently denied Rhea's motion to reconsider the judgment. For reasons more fully addressed below, we find that this Court does not have jurisdiction to review the circuit court's order granting the motion to dismiss; so the appeal is dismissed in part. With regard

to the court's order denying Rhea's motion to reconsider, we find no error and affirm.

## FACTS & PROCEDURAL HISTORY

¶2.     Rhea began working as an independent insurance agent for CGA in October 1971 and continued to work for the company for over forty-five years.[1]  Rhea claims that CGA had allowed its insurance agents to sell for other associated insurance companies, one of which was Dairyland Insurance Company (Dairyland).  A representative for Dairyland came to Rhea's office and offered him a contract to sell insurance, and Rhea accepted.

¶3.     In the fall of 2007, GuideOne summoned Rhea to its Georgia office to discuss the Dairyland contract.  According to Rhea, he was told that he need not bring his attorney with him.  Nevertheless, Rhea brought his brother, also an insurance agent, to be a witness at the meeting held on November 2, 2007.  Rhea claimed, however, that GuideOne's vice-president insisted that Rhea's brother leave the room.  Rhea alleged that GuideOne then informed him that he had violated the terms of his employment by signing the Dairyland contract and would be fired unless he signed a promissory note for $100,000, requiring monthly payments through 2012.[2]  He alleges that he was also required to sign over his Dairyland business to GuideOne and forfeit his contractually guaranteed bonuses.  Rhea thus alleged that he signed the promissory note under duress, fearing he would lose his job and pension.  In 2009, Rhea

---

[1] According to the record, CGA was doing business in 1971 as "Preferred Risk," but the company was later bought by GuideOne.

[2] While the Appellees dispute the facts surrounding the meeting as asserted by Rhea, they contended in their motion to dismiss that the facts surrounding the execution of the note were not relevant.

signed a second note, with identical terms, which extended the term of repayment to October 2017, at which time the note was paid in full.[3] Once the note was paid, GuideOne terminated Rhea's employment.

¶4.    On October 22, 2018, Rhea filed a complaint with the circuit court against CGA, GuideOne, and Basden. The complaint asserted claims for unconscionability, conversion, unjust enrichment, and negligent infliction of emotional distress and requested both compensatory and punitive damages.[4] On August 13, 2019, the Appellees filed a motion to dismiss in the circuit court, arguing that (1) Rhea's complaint failed to state a claim upon which relief could be granted under Mississippi Rule of Civil Procedure 12(b)(6); and (2) Rhea's complaint was barred by the statute of limitations. Rhea responded, reasserting his claims for conversion, breach of good faith and fair dealing, and unjust enrichment. He conceded, however, that he did not have viable claims for negligent infliction of emotional distress and unconscionability. Regarding the Appellees' statute-of-limitations defense, Rhea cited the doctrines of continuing tort and equitable estoppel to argue that his claims were not barred.

¶5.    The circuit court held a hearing on the Appellees' motion to dismiss on October 10, 2019. Counsel for the Appellees argued that Rhea's complaint was barred by a three-year

[3] Neither note is contained in the record.

[4] The Appellees filed a notice of removal to federal court on January 1, 2019, asserting that Rhea had fraudulently joined Basden "to defeat diversity jurisdiction." Finding "that Basden [was] in fact a proper party and that the court lack[ed] diversity jurisdiction," the federal court remanded the case to the state circuit court on June 7, 2019.

statute of limitations because the conduct complained of—the signing of the promissory note—occurred in 2007. Rhea's counsel submitted that the reason for not filing the action prior to 2018 was that Rhea was afraid that "he was going to lose his business, his entire livelihood and his GuideOne franchise if he didn't sign the contract." Regarding the doctrine of continuing tort, Rhea's counsel argued that "[e]very time GuideOne took a payment from Mr. Rhea, it was done under duress and coercion because of the initial contract." Rhea clarified for the circuit court that the only bases for recovery being argued were for conversion and unjust enrichment.

¶6. The circuit court granted the Appellees' motion to dismiss on February 3, 2020, determining that the applicable three-year statute of limitations barred the action because the contract at issue was signed in 2007. *See* Miss. Code Ann. § 15-1-49(1) (Rev. 2019) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.").

¶7. However, Rhea's counsel was not aware of the court's order being filed until May 2020, when he contacted the circuit clerk's office. Rhea subsequently filed a motion for a new trial, amended judgment, or reconsideration under Mississippi Rule of Civil Procedure 59 on May 12, 2020. In the motion, Rhea explained, "While Plaintiff recognizes the time limit on filing a Motion under Rule 59, he asks the Court to consider that without notice of the Order, he was unable to do so before now. As such, this Motion is brought in good faith

4

and not for delay."[5]  The Appellees filed a response to the motion on the merits on June 8, 2020.  A hearing on the motion to reconsider was held on April 7, 2021.  The circuit court acknowledged the untimeliness of Rhea's Rule 59 motion but noted that Rhea did not receive the court's order until three months later and that the Appellees had raised no objection "to the timeliness of the filing."  The court therefore "deemed the motion for reconsideration timely filed," with no objection by the Appellees.

¶8.     Rhea testified at the hearing about his alleged duress surrounding the execution of the promissory note.  Rhea admitted that he had shown the note to his attorney after signing it, but he did not file suit until 2018, after being terminated in 2017.  When asked if he had an exclusive agency relationship with GuideOne, he testified, "They may say that in writing, but that's not the way they carried out their business operations."

¶9.     The circuit court denied Rhea's motion for reconsideration on April 22, 2021, finding that "neither the doctrine of continuing tort nor equitable estoppel appl[ied] to extend the statute of limitations in this action."  Aggrieved, Rhea appeals from the circuit court's order granting the motion to dismiss and the court's order denying his motion to reconsider.

## DISCUSSION

¶10.    Although not raised by either party, we must address the issue of jurisdiction.  *See Magnolia Health Plan Inc. v. Mississippi's Cmty. Mental Health Comm'ns*, 334 So. 3d 42,

---

[5] *See* M.R.C.P. 59(e) (requiring that a motion to alter or amend a judgment be "filed not later than ten days after entry of judgment").

46 (¶14) (Miss. 2021) (noting that even when parties fail to raise the issue of jurisdiction, "we must, when necessary, examine the record to determine the jurisdictional issue sua sponte") (citing *M.W.F. v. D.D.F.*, 926 So. 2d 897, 899 (¶4) (Miss. 2006)). As discussed, the circuit court "deemed" Rhea's Rule 59 motion "timely" because Rhea had not received a copy of the order granting the motion to dismiss. Rule 59(e) provides that motions "shall be filed not later than ten days after the entry of judgment," and the advisory committee notes to Rule 59 explicitly state that a "trial court has no authority or discretion to extend the 10-day time period." Because Rhea's motion was filed more than ten days after entry of the court's order, the circuit court did not have the "authority or discretion" to rule that Rhea's motion was "timely filed."

¶11. As further noted by the court, however, the Appellees did not object to Rhea's motion on the basis of timeliness. In *Wilburn v. Wilburn*, 991 So. 2d 1185, 1191 (¶¶12-13) (Miss. 2008), the supreme court determined that although the appellant's Rule 59 motion for reconsideration was filed eleven days after the judgment, the court could address the merits due to the appellee's failure to object or respond to the motion. The supreme court's holding was premised on the well-known axiom that our appellate courts do not review matters unless they are first raised before the trial court. *Id*. at (¶13). Here, the circuit court and the parties were well aware of the motion's untimeliness, with the court's addressing the issue at the hearing. Therefore, we find the supreme court's reasoning in *Wilburn* is not applicable to the facts of this case.

¶12.   Regardless, Rhea did not timely appeal from the underlying order.  "[A]n untimely Rule 59 motion 'does not toll the thirty-day time period to file a notice of appeal.'" *Massey v. Oasis Health & Rehab of Yazoo City LLC*, 269 So. 3d 1242, 1250 (¶17) (Miss. Ct. App. 2018) (quoting *Woods v. Victory Mktg. LLC*, 111 So. 3d 1234, 1236 (¶8) (Miss. Ct. App. 2013)).  In this case, the time for filing a notice of appeal from the court's February 3, 2020 order ended on March 3, 2020, before Rhea had any notice of the order.  *See* M.R.A.P 4(a).[6]

¶13.   Typically, in cases where an untimely Rule 59 motion is filed, the circuit court will treat the motion to reconsider as one filed under Rule 60(b) of the Mississippi Rules of Civil Procedure.  *See Woods*, 111 So. 3d at 1236 (¶6) ("The timing of the motion to reconsider determines whether it is a Rule 59 or Rule 60(b) motion.").  Any notice of appeal following the denial of a Rule 60(b) motion to reconsider, however, "limits this court's review to whether reconsideration was properly denied under Rule 60(b).  This court has no jurisdiction to consider the merits of the underlying judgment." *Id*. at (¶8).[7]

¶14.   Therefore, we dismiss the appeal in part, finding we do not have jurisdiction to address Rhea's appeal of the court's underlying order of February 3, 2020.  We do, however, have jurisdiction to review the denial of Rhea's motion to reconsider (treated as a Rule 60(b)

---

[6] The only notice of appeal Rhea filed was on May 20, 2021, after the circuit court's April 22, 2021 order denying his motion for reconsideration.

[7] Further, the circuit court could have reopened the time for Rhea to file his notice of appeal on the underlying judgment, as he did not receive proper notice of its filing.  *See* M.R.A.P. 4(h).  The Mississippi Supreme Court and Court of Appeals may extend the time for taking an appeal in "criminal and post-conviction cases, but not in civil cases." M.R.A.P. 2(c).

motion).

¶15.    "A trial judge's refusal to grant relief under Rule 60(b) is subject to review under an abuse of discretion standard." *Guinn v. Wilkerson*, 963 So. 2d 555, 558 (¶7) (Miss. Ct. App. 2006) (quoting *M.A.S. v. Miss. Dep't of Human Servs.*, 842 So. 2d 527, 530 (¶12) (Miss. 2003)).    We find no merit to Rhea's claim that the circuit court's denial of his motion for reconsideration was an abuse of discretion.    "Relief under Rule 60(b)(6) is reserved for extraordinary circumstances." *Id.*    In his motion to reconsider, Rhea argued that the doctrines of continuing tort and equitable estoppel tolled the three-year statute of limitations.    The Mississippi Supreme Court has held that "[w]here the tortious act has been completed, . . . the period of limitations will not be extended on the ground of a continuing wrong." *Smith v. Franklin Custodian Funds Inc.*, 726 So. 2d 144, 148 (¶17) (Miss. 1998).    "A continuing tort sufficient to toll a statute of limitations is occasioned by . . . continual unlawful acts, *not by continual ill effects from an original violation*." *Id.* (emphasis added).    The supreme court has further determined that "[s]ection 15-1-49 is the controlling statute of limitations[,] which applies to claims of . . . conversion [and] unjust enrichment," among others. *Anderson v. LaVere*, 136 So. 3d 404, 411 (¶32) (Miss. 2014).    We find no error in the court's ruling that "neither the doctrine of continuing tort nor equitable estoppel apply to extend the statute of limitations in this action."[8]

---

[8] As the circuit court judge noted at the motion hearing, Rhea's arguments in his motion to reconsider merely reiterated allegations contained in his complaint.  The court's order granting the motion to dismiss and the order denying the motion to reconsider both

8

¶16. Rhea argues for the first time on appeal that the court should have applied the six-year statute of limitations set forth in Mississippi Code Annotated section 75-3-118(a) (Rev. 2016). Section 75-3-118(a) provides:

> Except as provided in subsection (e), an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six (6) years after the due date or dates stated in the note or, if a due date is accelerated, within six (6) years after the accelerated due date.

Rhea contends that since "[t]he promissory notes at issue in this case established monthly payments due by Rhea through October of 2017," the applicable statute of limitations would not run until October 2022. As argued by the Appellees, this argument is barred on appeal because it was not raised before the circuit court. "It is well-settled law that issues not raised at trial are procedurally barred on appeal." *Travis v. GMAC Mortg. LLC*, 229 So. 3d 183, 186 (¶9) (Miss. Ct. App. 2017). In fact, Rhea asserted below that the circuit court "should find that the general three year statute of limitations applies to all of Plaintiff['s] claims." And as noted, Rhea's motion to reconsider only asserted that the doctrines of continuing tort and equitable estoppel tolled the three-year statute of limitations, which we found to be without merit. In his reply brief, Rhea acknowledges that this issue was not raised below but asks this Court to consider the issue under plain error. As this Court has recognized, "[t]he plain-error doctrine nearly always is applied in the criminal context, but there is no bar to

addressed these issues. Accordingly, while we review all these issues, we apply the abuse-of-discretion standard of review for Rule 60(b) motions, as there was no timely appeal of the underlying order.

9

applying it in a civil case." *Herrin v. Perkins*, 282 So. 3d 727, 732 (¶17) (Miss. Ct. App. 2019). The doctrine requires "a determination of whether the trial-level court deviated from a legal rule, whether that error is plain, clear, or obvious, and whether the error has prejudiced the outcome of the trial." *Id*. We find that Rhea has not demonstrated that the court deviated from any legal rule or that the outcome of the case was prejudiced. If the parties familiar with the nuances of this case represented that the general three-year statute of limitations applied, *see* Miss. Code Ann. § 15-1-49, we find no plain error in the court's failure to discern the applicability of the Uniform Commercial Code's statute of limitations for negotiable instruments, *see* Miss. Code Ann. § 75-3-118.

**CONCLUSION**

¶17. Accordingly, we find that the appeal from the court's February 3, 2020 order is dismissed for lack of jurisdiction. We affirm the circuit court's order denying Rhea's motion to reconsider, finding no reversible error.

¶18. **APPEAL DISMISSED IN PART; AFFIRMED IN PART.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND SMITH, JJ., CONCUR. McCARTY, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND SMITH, JJ. EMFINGER, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

**McCARTY, J., SPECIALLY CONCURRING:**

¶19. The plaintiff in this case faced a rare situation—he did not receive written notice of the order dismissing his case. To prevent such occurrence from happening to others, our

10

rules explicitly provide a safety hatch when caught in such a trap. Because we sua sponte dismiss, as we are required to do, it is useful to explain how to avoid such a scenario.

¶20.    Upon a finding "that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry," and if there is no prejudice, a trial court may "reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal." MRAP 4(h). However, this relief is only available "upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier[.]" *Id*. And crucially, "[t]he courts have strictly enforced the time limits." Luther T. Munford et al., *Mississippi Appellate Practice*, at 6-22 (2020) (citing *Edmund v. State*, 991 So. 2d 588, 592-93 (Miss. 2008) (refusing to suspend time deadline)).

¶21.    As the advisory committee notes to Rule 4(h) state, it only "provides a limited opportunity for relief," not an unlimited one, so an appeal will be time-barred if a party does not act within the time limits set by the rule. *See Bailey v. Chamblee*, 192 So. 3d 1078, 1082 (¶12) (Miss. Ct. App. 2016) (finding Rule 4(h) did not apply when motion "was filed approximately 473 days after the order was entered"). And this is the only way to seek this relief. "The Rules of Appellate Procedure do not permit the trial court to grant a motion to reopen the time for appeal outside of Rule 4(h)'s 180-day limitation." *Id*. at (¶13). Nor do we have the authority to enlarge the time to file a notice of appeal in civil cases. *Id*. at (¶12); *see* MRAP 2(c) (stating "[t]he time for taking an appeal under Rules 4 or 5 may be extended

11

in criminal and post-conviction cases, but not in civil cases").

¶22.    I write separately to emphasize the significance of this rarely used, but significant subsection of our rules, which the careful litigant should keep in mind if facing this unique situation.

**GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND SMITH, JJ., JOIN THIS OPINION.**