986 So.2d 1050 (2008)
Kenneth Frances RABALAIS, Appellant,
v.
STATE of Mississippi Appellee.
No. 2006-CP-01832-COA.
Court of Appeals of Mississippi.
April 1, 2008.
Rehearing Denied July 22, 2008.
Kenneth Frances Rabalais, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before KING, C.J., IRVING and CHANDLER, JJ.
IRVING, J., for the Court.
¶ 1. Kenneth Frances Rabalais was convicted of rape and sentenced to life in the custody of the Mississippi Department of Corrections without the possibility of parole. Believing that he was eligible for parole, Rabalais filed a motion to clarify his sentence, which the Hancock County Circuit Court summarily denied. Rabalais appeals that decision.
¶ 2. Finding that we lack appellate jurisdiction, we dismiss Rabalais's appeal.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 3. Rabalais's petition was denied on August 18, 2006. Rabalais signed his notice of appeal on September 20, 2006, and the notice was not filed until December 15, 2006. Rule 4(a) of the Mississippi Rules of *1051 Appellate Procedure grants an aggrieved party thirty days to file an appeal "in a civil or criminal case." Therefore, Rabalais's petition had to be filed by September 18, 2006, in order to be timely. Regardless of the leniency shown to inmates, who are generally unable to control when their petitions are filed, Rabalais did not even sign his petition until two days after the thirty days had run.
¶ 4. A party's failure to timely appeal a judgment requires that we dismiss the appeal. M.R.A.P. 2(a)(1). Therefore, we dismiss Rabalais's appeal for lack of appellate jurisdiction. In doing so, we also note that our review of the record causes us to question whether the circuit court had jurisdiction to enter its judgment. Rabalais is essentially challenging the computation of his sentence, a matter that falls under the exclusive purview of the Department of Corrections. Miss.Code Ann. § 47-7-5(3) (Supp.2007). Therefore, he must pursue all of his administrative remedies with the department before raising the matter with the circuit court. Miss.Code Ann. § 47-5-803(2) (Rev.2004). Nothing in the record indicates that Rabalais has ever pursued his administrative remedies; if he has not, the circuit court was without jurisdiction to render an opinion regarding the computation of his sentence.
¶ 5. APPEAL DISMISSED FOR LACK OF APPELLATE JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HANCOCK COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.