# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KM-01753-COA

KEITH HIGGINBOTHAM                                    APPELLANT

v.

STATE OF MISSISSIPPI                                    APPELLEE

DATE OF JUDGMENT:               11/26/2016
TRIAL JUDGE:                    HON. GEORGE M. MITCHELL JR.
COURT FROM WHICH APPEALED:      WINSTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         KEITH HIGGINBOTHAM (PRO SE)
ATTORNEY FOR APPELLEE:          TAYLOR TUCKER
DISTRICT ATTORNEY:              DOUG EVANS
NATURE OF THE CASE:             CRIMINAL - MISDEMEANOR
DISPOSITION:                    APPEAL DISMISSED - 04/03/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## CONSOLIDATED WITH

## NO. 2016-KM-01755-COA

KEITH HIGGINBOTHAM                                    APPELLANT

v.

STATE OF MISSISSIPPI                                    APPELLEE

DATE OF JUDGMENT:               11/26/2016
TRIAL JUDGE:                    GEORGE M. MITCHELL JR.
COURT FROM WHICH APPEALED:      WINSTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         KEITH HIGGINBOTHAM (PRO SE)
ATTORNEYS FOR APPELLEE:         TAYLOR TUCKER
DISTRICT ATTORNEY:              DOUG EVANS
NATURE OF THE CASE:             CRIMINAL - MISDEMEANOR
DISPOSITION:                    APPEAL DISMISSED - 04/03/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., CARLTON AND GREENLEE, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Keith Higginbotham was convicted of disorderly conduct and public profanity in the Louisville Municipal Court and sentenced to pay a fine of $246.25 for each charge. Higginbotham appealed his conviction to the Winston County Circuit Court. After a bench trial de novo, the circuit court entered an order finding Higginbotham guilty of disorderly conduct and public profanity. The circuit court sentenced Higginbotham to pay a fine of $246.25 for each charge. Higginbotham now appeals.[1]

¶2.     Finding that the circuit court failed to enter an order disposing of Higginbotham's motion for a new trial, we lack jurisdiction to address Higginbotham's appeal. We therefore dismiss.

### FACTS

¶3.     Officer Vernon Eichelberger of the Louisville Police Department testified that on July 3, 2016, Higginbotham approached him in the Walmart parking lot and began shouting racial slurs and using profane language. Officer Eichelberger arrested Higginbotham on charges of public profanity and disorderly conduct.

¶4.     On September 13, 2016, the municipal court found Higginbotham guilty of public profanity and disorderly conduct and sentenced him to pay a fine of $246.25 for each charge.

---

[1] On the Court's own motion, appellate cause numbers 2016-KM-01753-COA and 2016-KM-01755-COA were consolidated for appeal purposes. In cause number 2016-KM-01753-COA, Higginbotham appeals his misdemeanor conviction for public profanity. In cause number 2016-KM-01755-COA, he appeals his misdemeanor conviction for disorderly conduct. Both cases arose from the same set of operative facts, and they were tried together in the circuit court.

Higginbotham appealed to the circuit court. The circuit court held a bench trial de novo on November 14, 2016, and heard testimony from Officer Eichelberger. Higginbotham represented himself.

¶5. After the trial, the circuit court found Higginbotham guilty of public profanity under Mississippi Code Annotated section 97-29-47 (Rev. 2014) and disorderly conduct under Mississippi Code Annotated section 97-35-7(1) (Rev. 2014). On December 2, 2016, the circuit court entered an order sentencing Higginbotham to pay a fine of $246.25 for each charge, plus court costs.

¶6. Higginbotham appeals, asserting the following assignments of error: (1) the circuit court erred in excluding the surveillance tapes from evidence; (2) he should not have been held to the same standard as an attorney; (3) the State failed to inform him of the statutes under which he was being charged; (4) his sentence exceeded the statutory maximum fine; and (5) he did not receive a fair trial.

## STANDARD OF REVIEW

¶7. The Mississippi Supreme Court has held that "[a] circuit court judge sitting without a jury is afforded the same deference as a chancellor. We will not disturb a circuit court's findings after a bench trial unless they are manifestly wrong, clearly erroneous, or an erroneous legal standard was applied." *City of Jackson v. Sandifer*, 107 So. 3d 978, 983 (¶16) (Miss. 2013) (internal quotation marks omitted).

## DISCUSSION

¶8. Higginbotham argues that the circuit court erred by failing to rule on two motions that

he filed with the court: a pretrial motion to dismiss and a post-trial motion for a new trial. In this appeal, we address only the post-trial motion for the reasons set forth below.

¶9.     The record shows that on November 16, 2016, two days after trial, Higginbotham filed a motion for a new trial in which he argued:

> NOW COME[S] KEITH HIGGINBOTHAM, the defendant in above cause to request a new trial. The defense argues the judge denied use of video evidence in trial on the bas[i]s [that] the defense failed to turn it over on discovery. The defense filed a motion for discovery, but the [S]tate failed to request reciprocal discovery. The [S]tate knew or should have known this evidence was available. The defense also argues the judge should have granted a continuance instead of not allowing the evidence.
>
> The defense request[s] the presiding judge remand this case to another county, at the very least a new judge. The defendant will not receive a fair and impartial trial in Winston County. The judge unethically accused the defendant of a crime that was never charged without due process of law. The defense should have been included in private conversations the judge had with the officer that was the [State's] only witness. The officer had no right to whisper something in the judge's ear without the defense knowing what was said.

¶10.    The City asserts that Higginbotham also failed to present the motion for a new trial to the circuit court. However, the motion for a new trial appears on the circuit court docket in the record before us, and this post-trial motion was indeed stamped filed on November 16, 2016. No ruling on this motion appears in the record before us. On December 12, 2016, Higginbotham nonetheless filed a notice of appeal of the circuit court's December 2, 2016 judgment.

¶11.    At the time of Higginbotham's prosecution, Mississippi Rule of Appellate Procedure Rule 4(e) provided as follows: "If a defendant makes a timely motion under the Uniform Rules of Circuit and County Court Practice (1) for judgment of acquittal notwithstanding the

4

verdict of the jury, or (2) for a new trial under Rule 10.05,[2] the time for appeal for all parties shall run from the entry of the order denying such motion."  Rule 4(e) further stated that

> [I]n criminal cases[,] the 30 day period shall run from the date of the denial of any motion contemplated by this subparagraph, or from the date of imposition of sentence, whichever occurs later.  *A notice of appeal filed after the court announces a decision[,] sentence, or order but before it disposes of any of the above motions, is ineffective until the date of the entry of the order disposing of the last such motion outstanding, or until the date of the entry of the judgment of conviction, whichever is later.*

(Emphasis added).

¶12.　　Higginbotham filed his notice of appeal before the circuit court disposed of his motion for a new trial. Pursuant to Rule 4(e), Higginbotham's notice of appeal is therefore "ineffective" until the circuit court enters an order disposing of his motion for a new trial. This Court therefore lacks jurisdiction, and we dismiss Higginbotham's appeal. *See Rabalais v. State*, 986 So. 2d 1050, 1051 (¶4) (Miss. Ct. App. 2008).  Based on the foregoing, we decline to address Higginbotham's claim of error as to his pretrial motion to dismiss.

¶13.　　**APPEAL DISMISSED.**

　　**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**

---

　　[2] The Uniform Rules of Circuit and County Court Practice no longer govern criminal practice in Mississippi and have been replaced by the Mississippi Rules of Criminal Procedure, effective July 1, 2017. Higginbotham's prosecution preceded this change. At the time of Higginbotham's trial, Rule 10.05 of the Uniform Rules of Circuit and Court Practice required that "a motion for a new trial . . . be made within ten days of the entry of judgment." Higginbotham filed his motion for a new trial fifteen days **before** the circuit court's entry of judgment.  However, Higginbotham's motion for a new trial was timely. *See Sweet v. Luster*, 492 So. 2d 983, 985 (Miss. 1986) (finding that a notice of appeal filed after the announcement of the decision but before the entry of a judgment "shall be treated as filed after such entry and on the date thereof").