492 So.2d 983 (1986)
Dennis Charles SWEET, III, et al.,
v.
Walter LUSTER, Sr., et al.
No. 57277.
Supreme Court of Mississippi.
August 6, 1986.
*984 Bob Owens, Owens & Byrd, Jackson, for appellants.
H. Gerald Hosemann, Harper & Hosemann, Vicksburg, for appellees.

ON MOTION TO STRIKE COURT REPORTER'S NOTES AND DISMISS APPEAL
ROBERTSON, Justice, for the Court:
This matter is before us this day upon the motion of Walter Luster, Sr., Et Al, Defendants below and Appellees here, seeking entry of an order striking the court reporter's notes and dismissing the appeal of Dennis Charles Sweet, III, Et Al, Plaintiffs below and Appellants here.
This civil action appears to have arisen out of a real property dispute which was tried in the Chancery Court of Claiborne County, Mississippi. On April 5, 1985, the Chancery Court announced its decision on the merits directing that the complaint be dismissed and that final judgment be entered in favor of Defendants Luster, et al. On April 15, 1985, a final judgment to that effect was signed by Hon. Joseph S. Zuccaro, Chancery Judge. The record, and more specifically the docket of the Chancery Court of Claiborne County, Mississippi, however, do not reflect that this judgment has ever been formally entered.
On May 23, 1985, Appellant, Dennis Charles Sweet, III, Et Al, filed their notice of appeal with the clerk of the Chancery Court of Claiborne County. On August 1, 1985, the court reporter's receipt was filed indicating prepayment of estimate of cost for appeal.
The record has now been completed and lodged with the clerk of the Supreme Court of Mississippi on May 22, 1986. This record consists of 360 pages and was prepared at a cost of $390.00.
Appellees Luster argue that the appeal should be dismissed by reason of the alleged failure of Appellants Sweet to give timely notice of appeal in conformity with Rule 48, Miss.Sup.Ct.Rules.
As all know, Rule 48 provides that, in order to perfect an appeal,
the party or parties taking the appeal shall file a notice of appeal with the clerk of the court whose judgment, order or decree is being appealed within thirty (30) days after the date of entry of the judgment, order or decree. [Emphasis added]
Rule 48(b), Miss.Sup.Ct.Rules. Landrum v. Bailey, 475 So.2d 140 (Miss. 1985); City of Mound Bayou v. Roy Collins Construction Company, 457 So.2d 337, 339, 343 (Miss. 1984).
The problem here is that the final judgment has never been entered. We say this by reference to Rule 58, Miss.R.Civ.P., which provides:
Unless the court directs otherwise, and subject to the provisions of Rule 54(b), all judgments shall be deemed entered for all procedural purposes from the time of delivery to the clerk for filing. [Emphasis added]
This being a case where Rule 54(b), Miss.R. Civ.P., has no application, and no party having directed our attention to any order amending the general proviso of Rule 58, we look to the "time of delivery to the clerk for filing"  and come up empty handed. We have examined the final judgment bearing the signature of Chancellor Zuccaro under date of April 15, 1985, and find it to contain no stamp, notation or other marking which would indicate that it was ever delivered to the clerk for filing. The final judgment is not a part of the record filed with this Court on May 22, 1986. Beyond that we have examined the docket entries of the Chancery Court of Claiborne County and find nothing to suggest that the final judgment was ever filed with the clerk of the court. The docket sheet contains no entry for April 15, 1985, or any date thereafter *985 which might conceivably indicate the filing of the Final Judgment. Indeed, the next entry is "5-23-85 Notice of Appeal, filed".
It thus appears that the notice of appeal has been filed prior to entry of the final judgment. In this context, we direct attention to our Rule 48(d) which provides:
A notice of appeal filed after the announcement of a decision or order but before the entry of the judgment, order or decree shall be treated as filed after such entry and on the date thereof.
The notice of appeal filed by Appellants Sweet, Et Al is one filed after the announcement of the decision but before the entry of a judgment within the meaning and contemplation of Rule 48(d). The same may be said of Appellants' prepayment of costs. That final judgment, however, has not been formally entered even unto this day, at least insofar as the records made available to us reflect.
The entire record of the trial proceedings has been lodged with the court. Under the circumstances, the only practical course is for the clerk of the Chancery Court of Claiborne County to correct this clerical oversight and forthwith enter the final judgment, note same on the court's docket, and forward a certified copy thereof to this Court for inclusion in the record on appeal. Once that is done, by operation of our Rule 48(d), the notice of appeal heretofore given by Appellants Sweet, et al, together with their cost payment, "shall be treated as filed after such entry and on the day thereof". This appeal may then proceed as in the ordinary course.
MOTION TO STRIKE COURT REPORTER'S NOTES AND DISMISS APPEAL OVERRULED AND DENIED.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
HAWKINS, P.J., not participating.