# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CT-00409-SCT

*TED SMITH*

*v.*

*PARKERSON LUMBER, INC.*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 1/3/2001 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER, JR. |
| COURT FROM WHICH APPEALED: | CHOCTAW COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ANDRE FRANCIS DUCOTE |
| | WAYNE E. FERRELL, JR. |
| ATTORNEYS FOR APPELLEE: | JEFFREY S. MOFFETT |
| | H. WESLEY WILLIAMS |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED TO THE COURT OF APPEALS FOR A DECISION ON THE MERITS -10/09/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**McRAE, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     We granted the petition for writ of certiorari filed by Ted Smith to review the judgment of the Court of Appeals which dismissed this appeal for lack of jurisdiction. *Smith v. Parkerson Lumber, Inc.*, 850 So.2d 99 (Miss. Ct. App. 2002).

**I.**

¶2.	In September 1997, Parkerson Lumber, Inc. (Parkerson), was cutting timber on the property adjacent to Smith's. After Parkerson completed the job, Smith's sister inspected his property and found that timber had been cut from two sections of Smith's property. Smith sued Parkerson requesting damages for the cutting of the trees, the diminution of property value, and the loss of enjoyment. Parkerson acknowledged cutting the timber on a fifty-foot strip of Smith's property, but denied cutting timber on the southwest corner of Smith's property.

¶3.	On November 1 and 2, 2000, a jury trial was had on damages to the fifty-foot strip and damages and liability as to the southwest corner. Smith was awarded damages in the Choctaw County Circuit Court for trees that were cut down and taken away from a fifty-foot strip of his property by Parkerson Lumber, Inc. The judgment was signed by the circuit court judge on January 3, 2001.

¶4.	Smith's counsel, Wayne E. Ferrell, Jr., asserts that a member of his staff contacted the Circuit Clerk on January 8, 2001, and was informed that the judgment had not been entered. Notice from the clerk regarding the judgment's entry was later received by the parties on January 29, 2001. Smith's counsel filed a motion for JNOV on February 5, 2001, which was dismissed on February 7, 2001, without a reason given. Smith filed his notice of appeal on March 8, 2001, to appeal the judgment. The appeal was assigned to the Court of Appeals.

¶5.	The Court of Appeals heard oral argument and found that jurisdiction was lacking to review the case because the notice of appeal was untimely filed. No ruling on the merits was made by the Court of Appeals. Smith's motion for rehearing was denied. We granted certiorari to determine whether Smith's appeal was timely.

## II.

### A. Was Smith's appeal properly dismissed as untimely?

¶6. Smith contends that the trial court clerk's failure to abide by M.R.C.P. 77(d) is an intervening act which should have extended the time to file his post-trial motion and notice of appeal. should have been extended. Smith contends that the Court of Appeals' decisions to dismiss his appeal and to deny his motion for rehearing are in direct conflict with prior reported decisions of this Court.

¶7. In *Roberts v. Grafe Auto Co.,* 653 So.2d 250 (Miss. 1994), this Court stated:

> Even assuming arguendo that the forms could be construed to be final judgments, Roberts was never notified of their existence, and her right to due process would protect her from losing her right to appeal since she was not aware of the jury verdict and was not notified of their existence. The forms were not in the court file, were not entered on the docket and were presented to the judge *ex parte*. Roberts' counsel asserts that he made a reasonable search and inquiry in order to determine if a judgment had been filed and was advised by the clerk of the trial court that no judgment had been filed.

*Id.* at 250-51.

¶8. The main function of this Court's decision in *Roberts* was to reinstate the appeal after a determination by this Court that the documents entitled "JURY VERDICT FOR THE DEFENDANT", delivered to the clerk on November 21, 1991, did not start the period in which to appeal. *Id.* at 250. The Court held that pursuant to M.R.C.P. 77(d), the time for appeal should have run from December 5, 1991, when the document entitled "Judgment" was entered at the clerk's office. *Id.*

¶9. In the case sub judice, Smith tries to justify his apparent delay in filing his post-trial motions and notice of appeal by relying on the clerk's failure to promptly mail notice of the entry of judgment as required by M.R.C.P. 77(d). Although Smith did not receive the notice of judgment from the clerk until January 29, 2001, his argument is futile since the last sentence of M.R.C.P. 77(d) clearly states: "Lack of notice of the entry by the clerk does not affect the time to appeal, nor relieve, nor authorize the court to relieve, a party

for failure to appeal within the time allowed, except as permitted by the Mississippi Rules of Appellate Procedure."

¶10.    In July of 1997, after this Court's decision in **Roberts**, M.R.A.P. 4(h) was added to the rules:

> The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of the entry of the judgment or order or within 7 days of receipts of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from date of entry of the order reopening the time to appeal.

Smith's argument is not convincing since that he had adequate remedies for his situation.

¶11.    However, the problem and its solution do not rest there. Despite Smith's argument, it is troubling that the Court of Appeals' decision concludes that the judgment was entered on January 3, 2001. The Court of Appeals then concludes that the notice of appeal was filed "some sixty-four days after entry of judgment." Therefore, the Court of Appeals held that it was without jurisdiction to entertain the appeal.

¶12.    Regardless of whether the parties raise jurisdiction, the Court is required to note its own lack of jurisdiction, and if the notice of appeal is not timely filed, the appellate court simply does not have jurisdiction. **Michael v. Michael**, 650 So.2d 469, 471 (Miss. 1995). The Court of Appeals correctly observed that the timely filing of a notice of appeal is jurisdictional and that the notice must, under M.R.A.P. 4(a), be filed within thirty days following entry of the judgment from which the appeal is taken. If certain post-trial motions are timely filed, the time runs from the entry of the order disposing of those motions.

¶13.    Although a judgment may be signed and delivered to the office of the clerk, it is not effective until it has been entered on the docket. An examination of the trial court's docket in this matter shows no entry of a judgment on January 3, 2001. The only notation regarding a "Final Judgment" appears inconspicuously at the end of the entry for January 11, 2001, showing that the trial court clerk received a check in the

4

amount of $2,239.54. The fact that the judgment was not entered on the docket may explain why the clerk's office informed Ferrell's staff on January 8, 2001, when inquiry was made, that no final judgment had been entered.

¶14.    M.R.C.P. 58 provides as follows: "Every judgment shall be set forth on a separate document which bears the title of 'Judgment.' A judgment **shall be effective only** when so set forth and **when entered** as provided in M.R.C.P. 79 (a)." (emphasis added). M.R.A.P. 4(a) provides that "the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within thirty days **after the date of entry of the judgment** or order appealed from." Further, "[a] notice of appeal filed after announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day of the entry." M.R.A.P. 4(b). Here, the notice of appeal filed by Smith is one filed before the entry of a judgment within the meaning of M.R.A.P. 4(b). Insofar as the record before this Court reflects, the final judgment has not been formally entered even unto this day.

¶15.    This Court was faced with a similar situation in *Sweet v. Luster,* 492 So.2d 983 (Miss. 1986). In that case, Sweet filed a notice of appeal from a chancery court judgment The chancery court announced its decision on the merits directing that the complaint be dismissed and the final judgment be entered in favor of Luster, et al. *Id.* at 984. On April 15, 1985, the chancery judge signed the final judgment. The judgment, however, was never formally entered on the docket. On May 23, 1985, Sweet filed his notice of appeal. The record was then completed and lodged with the clerk of this Court, and the costs had been paid.

¶16.    Luster argued that the appeal should be dismissed for alleged failure of Sweet to give timely notice of appeal in conformity with what was then, Rule 48(b) of the Miss. Sup. Ct. Rules, which provided in part:

5

the party or parties taking the appeal shall file a notice of appeal with the clerk of the court whose judgment, order or decree is being appealed within thirty (30) days after the date of *entry* of judgment, order or decree. [Emphasis added]

*Id*. at 984 (quoting Rule 48(b), Miss. Sup. Ct. Rules).

¶17. This Court denied Luster's motion to dismiss and stated:

> The notice of appeal filed by Appellants Sweet, Et Al is one filed after the announcement of the decision but before the entry of a judgment within the meaning and contemplation of Rule 48(d)[1]. The same may be said of Appellants' prepayment of costs. That final judgment, however, has not been formally entered even unto this day, at least insofar as the records made available to us reflect.
>
> The entire record of the trial proceedings has been lodged with the court. Under the circumstances, the only practical course is for the clerk of the Chancery Court of Claiborne County to correct this clerical oversight and forthwith enter the final judgment, note same on the court's docket, and forward a certified copy thereof to this Court for inclusion in the record on appeal. Once that is done, by operation of our Rule 48(d), the notice of appeal heretofore given by Appellants Sweet, et al, together with their cost payment, "shall be treated as filed after such entry and on the day thereof". This appeal may then proceed as in the ordinary course.

*Id*. at 985.

¶18. In the case sub judice, it is obvious that it was assumed that the judgment had been entered and that the notice of appeal was perfected. Like the situation in *Sweet* the entire record of the trial court

---

[1] Rule 48(d) of the Miss. Sup. Ct. Rules was the equivalent of what is now M.R.A.P.4(b). Rule 48(d) provided: "A notice of appeal filed after the announcement of a decision or order but before the entry of the judgment, order or decree shall be treated as filed after such entry and on the day thereof."

M.R.A.P. 4(b) provides: "A notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day of the entry."

proceedings had been lodged with this Court. Further, the parties filed their briefs, the case had been assigned to the Court of Appeals, and oral argument was heard.

¶19. In keeping with this Court's prior decision in *Sweet* and under the circumstances of the present case, the only rational solution is for the clerk of the Choctaw County Circuit Court to correct this clerical oversight immediately by entering the final judgment pursuant to M.R.C.P. 79, and by forwarding a certified copy thereof to the clerk of this Court for inclusion of the record on appeal within fifteen days of the date of this opinion. *See Sweet,* 492 So.2d at 985. By operation of M.R.A.P. 4(b), the notice of appeal filed by Smith, together with his cost payment, shall be treated as filed after such entry and on the day of the entry. *Id*. Further, this matter is hereby remanded to the Court of Appeals for a decision on the merits.

### III.

¶20. The judgment of the Court of Appeals dismissing this case and assessing costs against Ted Smith is reversed, and this case is remanded to the Court of Appeals for a decision on the merits. Further, the clerk of the Choctaw County Circuit Court is directed to immediately enter the final judgment pursuant to M.R.C.P. 79 and forward a certified copy thereof to the clerk of this Court, within fifteen days of the date of this opinion, for inclusion in the record on appeal.

¶21. **REVERSED AND REMANDED TO THE COURT OF APPEALS FOR A DECISION ON THE MERITS.**

**PITTMAN, C.J., SMITH, P.J., WALLER, COBB, EASLEY, CARLSON AND GRAVES, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**