CARLTON, J., for the Court.
 

 ¶ 1. David Lyons, a pro se litigant, seeks judicial review of a decision rendered by the Mississippi Department of Corrections’ (MDOC) Administrative Remedy Program regarding the computation of his time to serve. Because we find that Lyons failed to timely file his appeal pursuant to Mississippi Rule of Appellate Procedure 4(a) and (h), we lack jurisdiction over his appeal and must dismiss it.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On May 18, 2007, the trial court denied Lyons’s appeal, seeking judicial review of the MDOC’s Administrative Remedy Program’s adverse decision regarding the computation of his time to serve. On July 10, 2007, Lyons signed his notice of appeal, and the circuit clerk stamped and filed his notice of appeal on July 16, 2007. On July 17, 2007, Lyons filed a Rule 4(h) motion seeking to reopen the time to file his appeal. Lyons stated in his Rule 4(h) motion that he did not receive notice of the trial court’s adverse order of May 18, 2007, until June 25, 2007.
 

 
 *917
 

 Timeliness of Appeal
 

 ¶ B. We conduct a de novo review of issues of law.
 
 Whitt v. Gordon,
 
 872 So.2d 71, 73(7) (Miss.Ct.App.2004). Mississippi Rule of Appellate Procedure 2(a)(1) provides for mandatory dismissal of an appeal if the notice of appeal was not timely filed pursuant to Mississippi Rules of Appellate Procedure 4 or 5. M.R.A.P. 2(a)(1).
 

 ¶ 4. Rule 4(a) provides a time line for filing an appeal. Rule 4(a) provides in part that: “[t]he notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the entry of judgment or order appealed from.” M.R.A.P. 4(a). Lyons signed his notice of appeal on July 10, 2007, and the circuit clerk stamped and filed Lyons’s notice on July 16, 2007. Lyons failed to timely file his notice of appeal within 30 days of the trial court’s adverse order of May 18, 2007.
 

 ¶ 5. Lyons argues that he did not receive notice of the trial court’s May 18, 2007, order until June 25, 2007. “Situations where a defendant receives late notice of the entry of an order are provided for in Rule 4(h).”
 
 Minchew v. State,
 
 967 So.2d 1244, 1247(7) (Miss.Ct.App.2007). Rule 4(h) provides for a limited exception to Rule 4(a) by allowing a trial court to reopen the time period for an appeal. Rule 4(h) states:
 

 The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order
 
 or within 7 days of receipt of such notice,
 
 whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.
 

 (Emphasis added).
 

 ¶ 6. Pursuant to Rule 4(h), Lyons should have filed his Rule 4(h) motion to reopen his time for appeal within seven days of June 25, 2007 — which is the date Lyons claims that he first received notice of the trial court’s adverse order of May 18, 2007. However, Lyons waited to file his Rule 4(h) motion until July 17, 2007.
 

 ¶ 7. Because Lyons failed to timely file his appeal pursuant to Rule 4(a) and (h), this Court lacks jurisdiction over Lyons’s appeal. Therefore, in accordance with Rule 2(a)(1), we must dismiss this appeal.
 

 ¶ 8. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEFLORE COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.