# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-IA-00209-SCT

*SADIE TILLMAN BY HER NEXT FRIEND, JOE
TILLMAN, JR.*

*v.*

*DITECH FINANCIAL, LLC f/k/a GREEN TREE
SERVICING LLC AND JOSH ROBIN*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/06/2017 |
| TRIAL JUDGE: | HON. MICHAEL M. TAYLOR |
| TRIAL COURT ATTORNEYS: | CHARLES E. MILLER |
| | JEFFREY DALE RAWLINGS |
| | WILLIAM D. BOERNER |
| | BRAD RUSSELL BOERNER |
| | JOE ROBERT NORTON, IV |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHARLES E. MILLER |
| ATTORNEYS FOR APPELLEES: | JEFFREY DALE RAWLINGS |
| | JON JERDONE MIMS |
| | WILLIAM D. BOERNER |
| | BRAD RUSSELL BOERNER |
| | JOE ROBERT NORTON, IV |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | APPEAL DISMISSED - 09/13/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2017-CA-00329-SCT

*SADIE TILLMAN, BY HER NEXT FRIEND, JOE
TILLMAN, JR.*

*v.*

*DITECH FINANCIAL, LLC f/k/a GREEN TREE*
*SERVICING LLC AND JOSH ROBIN*

DATE OF JUDGMENT:                02/06/2017
TRIAL JUDGE:                     HON. MICHAEL M. TAYLOR
COURT FROM WHICH APPEALED:       LINCOLN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          CHARLES E. MILLER
ATTORNEYS FOR APPELLEES:         JEFFREY DALE RAWLINGS
                                 JON JERDONE MIMS
                                 WILLIAM D. BOERNER
                                 BRAD RUSSELL BOERNER
                                 JOE ROBERT NORTON, IV
NATURE OF THE CASE:              CIVIL - OTHER
DISPOSITION:                     APPEAL DISMISSED - 09/13/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE WALLER, C.J., MAXWELL AND ISHEE, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1.     These consolidated appeals involve two separate circuit-court actions (one an appeal from justice court) that were consolidated after one of the circuit-court actions was transferred to the chancery court. Sadie Tillman contested the transfer by filing a motion to reconsider in the circuit court. But the circuit court took several months to rule on the motion. When it finally did, the circuit court denied Tillman's motion to reconsider, and Tillman filed an interlocutory appeal contesting the order denying reconsideration. This Court granted interlocutory appeal. Tillman also filed an appeal of the denial of reconsideration under Rule 4 of the Mississippi Rules of Appellate Procedure. This Court consolidated the appeals. Upon further review, however, we hold that, by operation of Mississippi Rule of Civil Procedure 60(c), Tillman's appeals of the motion to reconsider were untimely. As a result, we dismiss the appeals.

## FACTS AND PROCEDURAL HISTORY

¶2.     With this case comes a confusing, tangled web of facts—particularly the procedural facts underlying the progression of the case through the lower courts. These facts involve two separate circuit-court actions (one of which was an appeal of a justice-court judgment) that were consolidated after one of the circuit-court actions was transferred to the chancery court. The most confusing aspect among these facts is the procedural progression of the cases. Most cases proceed in a somewhat logical order; this case did not. Due to the lack of logical coherence, the facts of this case are not well-suited for a chronological narrative.

¶3.     Each of these actions finds its genesis in the same underlying event—the foreclosure on Sadie Tillman's house.  On February 17, 2016, Josh Robin filed an action in the Lincoln County Justice Court to evict Tillman from property Robin had purchased from Ditech Financial, LLC (Ditech), in a foreclosure sale.  Ditech had foreclosed on the property after Tillman was unable to continue payments.  Just a couple of days after Robin filed his suit, on February 19, 2016, Tillman sued Robin and Ditech in the Lincoln County Circuit Court for wrongful foreclosure and various other causes of action.

¶4.      On March 24, 2016, the justice court ruled in favor of Robin in his eviction action; Tillman was required to vacate the property. Tillman appealed that ruling to the circuit court. Meanwhile, also in circuit court, Ditech moved to dismiss or transfer Tillman's wrongful-foreclosure action.  And on August 15, 2016, the circuit court—ruling on Ditech's motion—transferred the wrongful-foreclosure action to the Lincoln County Chancery Court. Tillman took issue with the transfer and filed a motion for reconsideration on August 25,

3

2016. She later filed an amended motion on September 16, 2016. Four months later, on February 6, 2017, the circuit court finally ruled on this motion and denied reconsideration.

¶5. But during those four months of inaction, other developments arose in both the eviction case and in the wrongful-foreclosure action. Specifically, on November 10, 2016, the circuit court, reviewing the justice court's judgment of eviction, consolidated the appeal of the eviction with the wrongful-foreclosure case. At that time, the wrongful-foreclosure case was in the chancery court. Also, before the circuit court's ruling on the motion for reconsideration, Ditech moved for summary judgment in the chancery court regarding the wrongful-foreclosure action, and the chancery court entered summary judgment in favor of Ditech on the issue of the foreclosure sale; the chancery court transferred the remaining causes of action back to the circuit court.[1]

¶6. All of those events occurred between the time that Tillman filed her motion for reconsideration and the time the circuit court finally ruled on the motion for reconsideration. And Tillman responded to the circuit court's denial of the motion for reconsideration and the chancery court's entry of summary judgment in favor of Ditech with numerous appeals to this Court. Nonetheless, relevant here are the two appeals Tillman filed in response to the circuit court's eventual denial of reconsideration: first, an interlocutory appeal under Mississippi Rule of Appellate Procedure 5 filed on February 15, 2017; and, second, an appeal under

[1] The remaining causes of action were: breach of contract; trespass; bad faith; fraudulent foreclosure; tortious interference with quiet enjoyment of property; harassment; wrongful taking of property; unjust enrichment; usury; deliberate indifference; and negligence. After deciding the wrongful-foreclosure action, the chancery court transferred the matters back to the circuit court because it felt those issues were better suited for a jury.

4

Mississippi Rule of Appellate Procedure 4 of the same order filed on March 1, 2017.

¶7. On April 3, 2017, this Court granted interlocutory appeal as to the denial of Tillman's motion for reconsideration. Tillman's Rule 4 appeal was consolidated with the Rule 5 interlocutory appeal.

## DISCUSSION

¶8. These appeals stem from the circuit court's order denying Tillman's motion for reconsideration, in which Tillman was contesting the circuit court's transfer of the case to the chancery court. Once a motion to reconsider is filed, the Mississippi Rules of Civil Procedure provide, "if [the] transferor court fails to rule on [a] motion for reconsideration within 30 days of the date of filing, the motion shall be deemed denied." M.R.C.P. 60(c).

¶9. Here, Tillman's motion to reconsider the transfer to the chancery court was filed on August 25, 2016. No action on the motion was taken by the circuit court until February 6, 2017, when the circuit court entered an order denying the motion. But, according to Rule 60(c), Tillman's motion's to reconsider was deemed denied on September 26, 2016, thirty days after she filed the motion.[2] The motion having been deemed denied, at that time, the case was transferred to the chancery court. Apparently, Tillman based her timetable to file her petition for interlocutory appeal of the order to transfer on the date the circuit court finally ruled on the motion—February 6, 2017. But Rule 60(c) is clear on this matter: the circuit court failed to rule on her motion, and it was deemed denied on September 26, 2016. At that time, Tillman's time to appeal the transfer began to run.

_____

[2] The actual thirtieth day, September 25, 2016, fell on a Sunday. Monday, September 30, 2016, was the first business day that followed. *See* M.R.C.P. 6.

5

¶10.    Rule 4(d) of the Mississippi Rules of Appellate Procedure provides that:

> If any party files a timely motion of a type specified immediately below the *time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding.* This provision applies to a timely motion under the Mississippi Rules of Civil Procedure . . . for relief under Rule 60 if the motion is filed no later than 10 days after the entry of judgment.

M.R.A.P. 4(d) (emphasis added).  As to the appeal of an interlocutory order, Rule 5 of the Mississippi Rules of Appellate Procedure governs. And Rule 5 provides that an appeal of an interlocutory order is to be filed "within 21 days after the entry of such order in the trial court." M.R.A.P. 5(a).

¶11.    Here, it is clear that the time for Tillman's appeal of the order denying reconsideration began to run on September 26, 2016; yet Tillman did not file her petition for interlocutory appeal until February 15, 2017—well past the twenty-one-day deadline of Rule 5(a).  As for Tillman's appeal of the motion for reconsideration under Mississippi Rule of Appellate Procedure 4, it too was untimely.  Rule 4, which addresses appeals as a matter of right and is not the proper method to appeal an interlocutory order (such as an order denying reconsideration), requires that such appeal must be filed "within 30 days after the date of entry of judgment or order appealed from." M.R.A.P. 4(a).  In the end, Tillman's eventual appeal of the motion to reconsider is untimely under both Rule 5 and Rule 4.  And we have held that "if [a] notice of appeal is not timely filed, the appellate court simply does not have jurisdiction."  **Smith v. Parkerson Lumber, Inc.**, 890 So. 2d 832, 834 (Miss. 2003).  Therefore, we dismiss both appeals.

¶12.    **APPEALS DISMISSED.**

6

**WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., KING, COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR.**