# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-CT-00755-SCT

*ERIC DENORRIS KENNEDY a/k/a ERIC D.*
*KENNEDY a/k/a ERIC KENNEDY*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

DATE OF JUDGMENT: 03/15/2016
TRIAL JUDGE: HON. WINSTON L. KIDD
COURT FROM WHICH APPEALED: HINDS COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: ERIC DENORRIS KENNEDY (PRO SE)
ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
 BY: BARBARA BYRD
NATURE OF THE CASE: CIVIL
DISPOSITION: REVERSED AND REMANDED TO THE
 COURT OF APPEALS - 09/27/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶ 1. The Court of Appeals of the State of Mississippi affirmed the Hinds County Circuit Court's order denying Eric Kennedy's motion for an out-of-time appeal. Kennedy's petition for a writ of certiorari was granted. Because the Mississippi Supreme Court previously found Kennedy's appeal to have been timely, we reverse the Court of Appeals' decision and remand the case to that court for an appeal on the merits.

## FACTS

¶ 2. In 1997, Kennedy and Nakiea Sutton were indicted in Hinds County for capital murder in violation of Mississippi Code Section 97-3-19(2) (1997). The charges stemmed from the burglary and subsequent murder of Thomas Ward.

¶ 3. On June 10, 1998, Kennedy entered a guilty plea to the lesser-included offense of murder. At his plea hearing, Kennedy testified that he had reviewed his plea petition with his attorney and that he understood it. Kennedy testified that he also understood the allegations set forth against him, and he admitted that he did commit the alleged crime.

¶ 4. On December 16, 2013, Kennedy filed a second motion for post-conviction relief (PCR) in the circuit court, arguing that the statute under which he had pleaded guilty was unconstitutional; that his co-indictee's "recanted testimony" showed that Kennedy was not guilty; and that the evidence that had been collected in the original investigation showed that he was not guilty.

¶ 5. On June 25, 2014, Kennedy filed a petition for a writ of mandamus in this Court, requesting that we compel the circuit court to rule on his PCR motion. The mandamus case was assigned case number 2014-M-00851-SCT. After calling for a response, the Supreme Court Clerk received a copy of the circuit court's Order Denying Motion for Post-Conviction Collateral Relief, which had been signed August 29, 2014.[1] The circuit court's order stated that Kennedy's "motion has no merit." Finding that the circuit court had ruled, a panel of

---

[1] The date on the order appears to have the number "9" superimposed over the number "8" so it is difficult to discern if the order was signed on August 28 or August 29, 2014. The order also lacks a stamp indicating that it was filed.

this Court entered an order on November 5, 2014, dismissing Kennedy's mandamus petition as moot.

¶ 6.    On November 18, 2014, Kennedy filed a motion in this Court seeking sanctions against the circuit court for having not provided him a copy of the August 29, 2014, order denying his PCR motion.  Kennedy claimed this had prevented his filing a timely appeal.  Kennedy also asked this Court either to treat his June 25, 2014, petition for a writ of mandamus as a notice of appeal or to mandate that the circuit court reopen his time to appeal.  In dismissing that motion, this Court explained that Rule 4(h) of the Mississippi Rules of Appellate Procedure directs a party such as Kennedy to request an out-of-time appeal directly from the circuit court.

¶ 7.    Also on November 18, 2014, Kennedy filed a notice of appeal in the circuit court, as well as a motion for an out-of-time appeal, claiming he never received a copy of the circuit court's August 29, 2014, order denying his PCR motion.  When the trial court failed to rule on his motion for an out-of-time appeal, Kennedy filed another petition for a writ of mandamus with this Court, seeking to compel a ruling.  On March 15, 2016, the circuit court entered an order denying Kennedy's motion to reopen the time to file a notice of appeal, and this Court dismissed that mandamus petition as moot on March 29, 2016.

¶ 8.    On April 13, 2016, Kennedy filed what he called a "Motion for Rehearing and Also Petition to Treat Filed Petition for Interlocutory Appeal as Direct Appeal." Along with that filing, Kennedy provided the docket from the circuit court showing that the August 29, 2014, order denying his motion for post-conviction relief was not entered on the docket for more

3

than thirteen months after it had been signed and stamped. In fact, the order denying his PCR motion was not entered until October 13, 2015.

¶ 9. Kennedy's "Motion for Rehearing and Also Petition to Treat Filed Petition for Interlocutory Appeal as Direct Appeal" was treated as a motion to reconsider his original mandamus petition in case number 2014-M-00851-SCT. A panel of this Court entered an order on May 25, 2016, holding that Kennedy timely had perfected an appeal of the order denying his second PCR motion, because the order dated August 29, 2014, had not been filed and docketed until October 13, 2015.

¶ 10. In the meantime, the appeal proceeded in case number 2016-CP-00755-COA on the notice of appeal filed by Kennedy on November 18, 2014. The Court of Appeals failed to consider this Court's order of May 25, 2016, which had held that Kennedy's appeal was timely and affirmed the circuit court's denial of an out-of-time appeal.[2]

## DISCUSSION

¶ 11. Rule 4(a) of the Mississippi Rules of Appellate Procedure provides that "the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within 30 days after the date of entry of the judgment or order appealed from." Further, "[a] notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day of the entry." Miss. R. App. P. 4(b). *See also **Smith v. Parkerson Lumber, Inc.**, 890 So. 2d 832, 835-36 (Miss. 2003).

---

[2] This finding is not meant as a criticism of any actions by the Court of Appeals. Great study was required to navigate this procedural morass largely created by deficiencies of the Hinds County Circuit Clerk, compounded with multiple, inarticulate filings by Kennedy.

¶ 12. This Court's panel order finding Kennedy's appeal to have been timely was signed by Presiding Justice Dickinson on May 25, 2016, and was entered that the same date. The order was forwarded to the circuit clerk, and it was entered on the circuit court's docket on May 27, 2016. Kennedy designated "[a]ll Clerk's papers, trial transcripts and exhibits filed, taken or offered in this case." Despite its designation, the order was not included when the circuit clerk filed the record on appeal. Also missing is the separate order signed by Presiding Justice Dickinson on May 25, 2016, calling for a response from the circuit clerk regarding why more than thirteen months had elapsed between the date the circuit court signed the August 29, 2014, order denying Kennedy's PCR motion and the date that order was entered on the docket. The order calling for a response also appears on the docket and was not included in the record on appeal.

¶ 13. In its opinion, the Court of Appeals stated: "[t]he record reflects that on August 29, 2014, the circuit court *entered* its order denying Kennedy's instant PCR motion after finding that 'the motion has no merit.' Kennedy failed to file an appeal of this order until November 18, 2014, . . . ." ***Kennedy v. State***, No. 2016-CP-00755-COA, 2018 WL 337746, at *2 (¶ 17) (Miss. Ct. App. Jan. 9, 2018) (emphasis added). The Court of Appeals went on to say that "Kennedy filed his notice of appeal approximately eighty-one days after the circuit court denied his PCR motion, clearly outside of the thirty-day time limit set forth in Rule 4(a)." *Id.* at *2 (¶ 18). In reality, the circuit court docket indicates that the August 29, 2014, order

5

denying Kennedy's PCR motion was not entered until October 13, 2015.[3] And the circuit clerk admitted the actual entry date in response to this Court's order calling for a response.

¶ 14. We hold today, as the panel of this Court held on May 25, 2016, that Kennedy's notice of appeal was timely. While the notice of appeal was premature, as a matter of law, it effectively was filed on October 13, 2015, the same day the order denying Kennedy's motion for post-conviction relief was entered on the docket. *See* Miss. R. App. P. 4(b). Therefore, the Court of Appeals' opinion in this case is reversed, and the matter is remanded to the Court of Appeals for an opinion on the merits addressing the denial of Kennedy's second motion for post-conviction relief filed on December 16, 2013.

¶ 15. **REVERSED AND REMANDED TO THE COURT OF APPEALS.**

**KITCHENS, P.J., KING, COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. RANDOLPH, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

---

[3] The docket entry for the order appears under "Date Filed" as August 29, 2014, with a specific note appearing in the "Docket Text" indicating that the order was not entered until October 13, 2015.