# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CA-00869-COA

ELAINE L. BROWN                                                                          APPELLANT

v.

THEA WILLIAMS BLACK                                                                    APPELLEE

DATE OF JUDGMENT:                 08/22/2022
TRIAL JUDGE:                      HON. DEBORAH J. GAMBRELL
COURT FROM WHICH APPEALED:        FORREST COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:           JAMES WILLIAMS JANOUSH
ATTORNEYS FOR APPELLEE:           TIMOTHY LEE MURR
                                  REBECCA L. HAWKINS
NATURE OF THE CASE:               CIVIL - WILLS, TRUSTS, AND ESTATES
DISPOSITION:                      APPEAL DISMISSED - 04/02/2024
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., WESTBROOKS AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     After several years of litigation, Elaine L. Brown (Brown), as co-trustee of the Lamar W. Powell Revocable Trust (Trust), sought to recover her attorney's fees and expenses in the amount of $68,101.54, which she contended she incurred while acting for the benefit of the Trust. The chancellor awarded her only $3,199.28. Aggrieved by the chancellor's decision, Brown appeals.

## FACTS AND PROCEDURAL HISTORY

¶2.     Lamar Webster Powell grew up on a farm outside Liberty, Mississippi, and became a decorated military veteran of the United States Army and Department of State. He served during World War II and the Korean War. Although he did not have a college education, he

took correspondence business courses from the University of Chicago during his military career. He became a consistent saver, an avid investor, and amassed considerable wealth. Powell wanted people "to get an education, strive for the top, save all you can save, and give back when you can." He set up the Trust to provide funds for his heirs to obtain a college education.[1]

¶3.     The Trust was dated April 4, 2013, and provided that Powell would act as trustee during his lifetime. Thea Hayes Williams-Black (Black) was named as the initial successor trustee with Brown as the second successor trustee. On that same date, Powell also executed his last will and testament, naming Black as the executor and Brown as the substitute executor. On November 22, 2013, Powell executed the first codicil to his last will and testament and the first amendment to the Trust. Both the codicil and the first amendment place Brown in the position of executor and trustee, respectively, with Black as the successor executor and trustee.

¶4.     These complicated and contentious proceedings began when Black filed a "Petition for Appointment of Conservator of Powell" on May 6, 2014, in the Chancery Court of Forrest County, Mississippi. An order granting Black's petition for appointment was entered on June 24, 2014, and Black was appointed as the conservator. Powell died on December 30, 2015. While Powell died unmarried and childless, he left behind many heirs/beneficiaries,

---

[1] More information concerning Powell's distinguished service, push for education, and his family scholarship trust can be found on the Trust's scholarship website at https://www.lwpfamilyscholarship.com.

for the most part nieces and nephews. On June 10, 2015, before Powell's death, certain heirs filed a motion to intervene and set aside the conservatorship. On March 10, 2016, after Powell's death, another motion to intervene was filed. Because these filings are not included in the record on appeal, we do not know the basis for the motions. In any event, there does not appear to have been a resolution of any challenge to Black serving as Powell's conservator.

¶5.     A petition to probate Powell's will was filed on August 31, 2016, along with the last will and testament.  Powell's will was admitted for probate, and Black was appointed as the executrix. The codicil and first amendment were not filed with the chancery court until August 7, 2017. On March 16, 2018, various heirs of Powell filed a petition to remove Black as trustee and asked that Brown be appointed as the successor trustee, in conformity with the amendment to the Trust. Brown joined in that petition on May 11, 2018. Brown was not represented by counsel until July 2, 2018. On August 17, 2018, Brown's attorneys filed a supplemental joinder to the motion for the removal of Black, noting that "[s]ubstantially all beneficiaries of the Trust, with the exception of potential remainder institutional beneficiaries, . . . desire for ELAINE BROWN to serve as trustee of the Trust."

¶6.     On October 23, 2018, the chancery court ruled on the motion to remove Black as trustee. The court found that Brown knew about the first amendment to the Trust and the codicil on February 6, 2014, and that she knew that Powell was in Mississippi. The court further found that Brown made no effort to "carry out the wishes of Powell in his first

3

amendment or the codicil until the various heirs filed the petition to remove Black as trustee on March 16, 2018." The court also noted that Brown had shown an "unwillingness to serve as Successor Trustee and/or Executrix even though she was aware of the documents granting her those rights and responsibilities four years earlier." The court concluded:

> The Court, desiring to honor the wishes of Lamar W. Powell to have Elaine Brown involved authorizes her to serve as a Co-Trustee **for limited purposes only in assisting with developing criteria and making determinations as to scholarship grants as designated in the Revocable Trust of Lamar W. Powell** dated April 4, 2013 and as amended on November 23, 2013. However, the Court does not remove Dr. Thea Williams-Black as Trustee and/or Executrix as she shall retain this authority and office as set forth in the Last Will and Testament, Codicil, Trust and Amended Trust of Lamar W. Powell on all other matters related to the Estate and Trust. However, in the event there is any dispute between Elaine Brown, in her limited capacity as Co-Trustee to assist in the issue of scholarship grants as set forth above, Dr. Black shall have final authority regarding any decisions involving developing criteria and granting scholarships as noted above. Further, Dr. Black shall seek counsel to preserve the assets of the Trust and Estate.

(Emphasis added).

¶7.     Brown appealed that ruling to the Mississippi Supreme Court on November 21, 2018.[2] In her responsive brief filed on July 5, 2019, Black argued, among other things, that the chancery court's order was not a final appealable order and that Brown had failed to follow the proper procedure for an interlocutory appeal. Brown later moved to voluntarily dismiss her appeal, and it was dismissed by the Mississippi Supreme Court on August 1, 2019.

¶8.     During the pendency of that appeal, a motion for interpretation and reformation of the

---

[2] Case No. 2018-CA-01639-SCT.

Trust had been filed on August 29, 2018, by the University of Southern Mississippi Foundation (USM).[3] The motion alleged that the Trust had to be reformed to not violate the rule against perpetuities. A status conference was held on August 19, 2020, which resulted in the entry of a "Final Judgment and Agreed Order of Settlement" on October 13, 2020, that was joined by all parties to the litigation. The agreed settlement provided for USM to receive an additional $2.2 million to deposit into a scholarship fund honoring Powell. South Carolina State University (SCSU) would receive an additional $2.2 million for the sole benefit of the Lamar Powell Success and Retention Center. Powell's heirs at law, as previously determined by the court, whose ages are well beyond that of a typical college student, would each receive a one-time payment of $60,125. The remaining balance of the Trust, approximately $6.5 million, was to remain in the Trust until December 30, 2105, to be used for the educational benefit of the natural born or adopted children/issue of Powell's nieces and nephews. At that time, any remaining funds would be donated to the SCSU for the Lamar Powell Success and Retention Center. The order provided for 1.2 percent of the Trust to be budgeted for administrative costs and expenses. The agreed order further provided:

> [T]he Court notes that there are pending Motions for Attorney's Fees and Costs filed by the heirs/parties/beneficiaries and the Court therefore holds all filed Motions in abeyance, but any Motions for Attorney's Fees in this matter by any heir/party/beneficiary or their counsel shall be filed on or before within September 19, 2020 and shall be considered by the court at a later date.

---

[3] The University of Southern Mississippi Foundation was substituted for the University of Southern Mississippi as a party on May 15, 2018.

5

¶9.     On April 23, 2021, the chancellor heard the motions for attorney's fees filed by USM, SCSU, Nathan Prescott,[4] and Brown. The court took the matter under advisement and on June 23, 2021,[5] entered an "Amended Order on Motions for Attorney's Fees" in which the chancellor awarded attorney's fees and expenses to USM in the amount of $11,911.90, to SCSU in the amount of $6,437.25, and to Nathan Prescott in the amount of $4,500.00. As for Brown's motion for attorney's fees and expenses, the chancellor found as follows:

> Mr. James Janoush represented Ms. Elaine Brown, in this matter as she was originally named Trustee of the April 4, 2013 Trust. On February 6, 2014, Ms. Brown was sent documentation requesting that she fulfill her duty as Trustee, she did not respond until November 25, 2014. Ms. Brown made no attempt to seek counsel in Mississippi to see to Mr. Powell's last wishes. In honoring Mr. Powell's last wishes, the Court named Ms. Brown Co-Trustee of the Trust (MEC #253), but Ms. Brown has not participated in this matter in any way that would bring about progress or resolution, to the contrary she appealed to the Mississippi Supreme Court, the Court's October 23, 2018 Order (MEC#253)[.]
>
> After reviewing the rules on properly appealable Orders, Mr. Janoush and Ms. Brown decided to voluntarily dismiss the appeal. The Court finds that appeal filed by Ms. Brown unnecessarily prolonged litigation in this case, costing other parties to incur legal fees and expenses and did nothing to bring about a resolution of this matter, to the contrary her claims were not reasonable and even after being made Co-Trustee, she has failed to carry out the responsibilities therein; however, the Court will award $3,199.28 in attorney's fees and expenses to Mr. Janoush for his efforts in representing Ms. Brown in her quest to become Trustee.

¶10.    Although the amended order corrected typographical errors, it did not include any

---

[4] Prescott represented many of Powell's heirs who filed the March 16, 2018 petition (among other things) to remove Black as trustee.

[5] An original "Order on Motions for Attorney's Fees" was filed on June 1, 2021. The amended order entered on June 23 corrected some typographical errors in the original order. Issues surrounding the entry of these orders will be addressed in the analysis.

language to certify the order as a final, appealable judgment pursuant to Mississippi Rule of Civil Procedure 54(b).[6] Between the entry of the original order and the amended order, it appears from correspondence made a part of the record that all parties had agreed to the inclusion of the Rule 54(b) language, but it is not clear whether that agreement was communicated to the chancellor prior to the entry of the amended order.[7]

¶11. On August 20, 2021, fifty-eight days after the amended order was entered, Brown filed a "Motion to Certify the Court's Interlocutory Order," requesting that the chancellor certify the amended order as a final appealable judgment under Rule 54(b). There is no

---

[6] Rule 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

[7] In the transcript from the April 23, 2021 hearing on the four motions for attorney's fees, there is no record that any party requested the chancellor to certify the resulting order as a final judgment under Rule 54(b). Both the original order entered on June 1 and the amended order entered on June 23 appear to have been drafted by the court based on conversations between counsel and the chancellor in the record. After the entry of the June 1 order, the issue of Rule 54(b) language first arose in correspondence among the attorneys concerning the need for an amended order to correct typographical errors in the amounts of attorney's fees awarded.

7

mention in this motion of any agreement among the parties that such language must be included in the amended order entered on June 23; instead, the motion simply asks that the chancellor certify the order pursuant to Rule 54(b). This motion was not immediately noticed for a hearing.

¶12.    On December 21, 2021, Brown filed a "Protective Motion for Relief Pursuant to Rule 60(B)." In this motion, Brown contended that the June 23, 2021 amended order was interlocutory but submitted the motion for protective purposes in the event any other party or the court found it to be a final order.[8] Brown further argues that counsel for Black drafted the amended order and failed to include the Rule 54(b) language that had been agreed upon by all parties. Brown also requested unspecified relief should the amended order be determined to be a final order. The motion concluded by again requesting the court to certify the amended order as a final order pursuant to Rule 54(b).

¶13.    On April 22, 2022, Black filed a separate response to each of Brown's motions. In response to Brown's "Motion to Certify Interlocutory Order," Black maintained that the

---

[8] It should be noted, however, that because this post-trial motion was not filed within ten days of the entry of the June 23, 2021 amended order, the filing did not toll the running of the time to appeal the order. *See* M.R.A.P. 4(d). *In re A.M.A.*, 986 So. 2d 999, 1008 (¶18) (Miss. Ct. App. 2007), explained:

> While we acknowledge that a trial judge has broad authority pursuant to Mississippi Rule of Civil Procedure 60(b) to grant relief *from the judgment*, this rule does not authorize a trial judge to extend, toll, reopen, or otherwise grant an appellant additional time in which to file a notice of appeal. In fact, it is only by virtue of Mississippi Rule of Appellate Procedure 4(d) that Rule 60(b) affects the time for filing a notice of appeal.

motion was filed well after the time to take an interlocutory appeal, and therefore no relief was warranted. In response to Brown's "Protective Motion for Relief Pursuant to Rule 60(B)," Black admitted that all parties had agreed to the inclusion of the Rule 54(b) language. Black maintains that the failure to include the necessary language in the amended order was "a scrivener error and not intentional." Brown filed a reply to Black's responses on July 1, 2022, and noted Black's admission that a mistake or error had been made in omitting the Rule 54(b) language from the amended order. Black argued that this is the situation that Mississippi Rule of Civil Procedure 60(b) is designed to cure.

¶14. After a hearing on July 18, 2022, the parties entered into an agreed order certifying the court's amended order dated June 23, 2021, as a final appealable judgment. That order, prepared by Brown's counsel, was entered on August 22, 2022. Brown filed her notice of appeal from the amended order dated June 23, 2021, with this Court on August 30, 2022.

¶15. Brown argues on appeal that the chancellor's failure to award Brown, as co-trustee, her full attorney's fees violates Mississippi Code Annotated section 91-8-709 (Rev. 2021) or that the chancellor erred by failing to reimburse her as a beneficiary for the full amount of her attorney's fees pursuant to Mississippi Code Annotated section 91-8-1004 (Rev. 2021). In opposing Brown's appeal on the merits, Black contends that because the notice of appeal was not timely filed, the appeal should be dismissed for lack of appellate jurisdiction.

## STANDARD OF REVIEW

¶16. In *Jones v. State*, 330 So. 3d 793, 799 (¶16) (Miss. Ct. App. 2021), this Court stated:

9

Appellate jurisdiction is defined as "[t]he power of a court to review and revise a lower court's decision." *Jurisdiction*, Black's Law Dictionary at 1017 (11th ed. 2019) (defining "appellate jurisdiction"). Without it, this Court must dismiss. *See Smith v. Parkerson Lumber Inc.*, 890 So. 2d 832, 834 (¶¶12-14) (Miss. 2003). The Mississippi Supreme Court has clearly pronounced that Mississippi Rule of Appellate Procedure Rule 4's time limits in which to file a notice of appeal are jurisdictional. *Id*. In most cases, the parties bring the jurisdictional question before this Court. But when they do not, it is incumbent upon this Court to sua sponte resolve jurisdictional issues if they arise. *See id*. (holding that "[r]egardless of whether the parties raise jurisdiction, the Court is required to note its own lack of jurisdiction.").

Further, in *Wadley v. Hubbs*, 338 So. 3d 142, 144 (¶13) (Miss. Ct. App. 2022), we explained:

It is well established that Rule 4 of the Mississippi Rules of Appellate Procedure provides that a notice of appeal must be filed within thirty days after the date of entry of the judgment or order appealed from. M.R.A.P. 4(a). Rule 2(a)(1) states "[a]n appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5." M.R.A.P. 2(a)(1).

We employ a de novo standard of review to determine whether this Court has jurisdiction over Brown's appeal. *See Lyons v. Epps*, 8 So. 3d 916, 917 (¶3) (Miss. Ct. App. 2009).

**ANALYSIS**

¶17.    In her appellate brief, Black contends that this Court lacks jurisdiction to hear this appeal because Brown's notice of appeal was not timely filed within thirty days of the entry of the "Amended Order on Motions for Attorney's Fees" on June 23, 2021. Black argues that the amended order was a final appealable judgment when entered on the court docket. Black admits that all the parties and the chancellor referred to the amended order as interlocutory, but she calls this Court's attention to the supreme court's opinion in *Rogers v. Estate of Pavlou* (*In re Estate of Pavlou*), 308 So. 3d 1284 (Miss. 2021). In *Pavlou*, the supreme court

10

held that "an order that finally resolves a claim against an estate is final and appealable although the estate remains open." *Id.* at 1288 (¶12). The supreme court in *Pavlou* further found that although Rule 54(b) certification was lacking, jurisdiction was proper because an order disbursing attorney's fees "qualified as a final, appealable judgment." *Id.* at (¶13).

¶18.    This Court has found that the reasoning in *Pavlou* is applicable to trusts in *In re E. M. Rush Trust*, 352 So. 3d 1133, 1138 (¶¶18-19) (Miss. Ct. App. 2022), where we explained:

> The Mississippi Supreme Court and this Court have held that an order resolving a claim against an estate is "final and appealable although the estate remains open." *See Pavlou*, 308 So. 3d at 1288 (¶12); *see also In re Est. of Holmes*, 188 So. 3d [1229,] 1232 n.3 [(¶16)] [(Miss. Ct. App. 2015)]; *In re Est. of King*, 303 So. 3d [423,] 425 (¶8) [(Miss. Ct. App. 2020)]. This same reasoning can be applied to the trial court's order in this case, which was a final order regarding attorney's fees, even though the trust remained open. In the present case, the order authorizing the E.M. Rush Trust to pay attorney's fees to Lowrey upon termination of the trust "finally resolve[d]" Lowrey's claim. *See Pavlou*, 308 So. 3d at 1288 (¶12). After October 1, 2020, Lowrey was no longer involved in decisions concerning the administration or termination of the E.M. Rush Trust. Therefore, "the time for any appeal from [the] chancellor's decision" on Lowrey's claim "started on the date of the decree allowing it." *See* [*In re Est. of*] *Philyaw*, 514 So. 2d [1232,] 1236 [(Miss. 1987)].
>
> **The proper time for Lennon to bring this appeal was within thirty days of the trial court's October 1, 2020 order adjudicating the claim for attorney's fees against the trust**. *See* M.R.A.P. 4(a). Mississippi Rule of Procedure 4(a) is clear from its mandate that a notice of appeal must be filed within "within 30 days after the date of entry of the judgment or order appealed from." M.R.A.P. 4(a) (emphasis added). Further, the supreme court and this Court have been equally clear that the notice of appeal is a jurisdictional prerequisite to invoke appellate review. *See Calvert v. Griggs*, 992 So. 2d 627, 631 (¶9) (Miss. 2008); *McChester v. McChester*, 300 So. 3d 1035, 1038 (¶13) (Miss. Ct. App. 2020). Because Lennon failed to perfect their appeal in compliance with Rule 4 of the Mississippi Rules of Appellate Procedure, this Court does not have jurisdiction, and this appeal is dismissed.

(Emphasis added).

¶19. Brown argues in her reply brief that the mere absence of the Rule 54(b) certification language made the amended order interlocutory. That argument was rejected in *In re Conservatorship of Redd v. Redd*, 332 So. 3d 250, 256 (¶19) (Miss. 2021):

> All that being said, this Court held in the recent *Rogers v. Estate of Pavlou* (*In Re Estate of Pavlou*), 308 So. 3d 1284, 1288 (Miss. 2021), that an order on a probate claim for attorneys' fees is a final, appealable judgment, regardless of whether the chancellor certifies [it as one] under Rule 54(b). Joyce was required to perfect an appeal from the order within thirty days. *See id.* She failed to do so, and, consequently, this Court lacks jurisdiction to adjudicate the attorneys' fees issue.

¶20. Next, Brown argues that "[t]he doctrine of judicial estoppel, or alternatively, the doctrine of equitable estoppel, should be applied to bar Black from arguing that the Amended Order was a final judgment after having asserted her contrary argument that the Amended Order was interlocutory." We recognize that until this appeal, it appeared that all the parties and the chancery court believed the amended order was interlocutory. We further recognize that at the hearing on Brown's motion for Rule 54(b) certification, all the parties agreed that the language certifying the amended order as a final appealable order should have been in the order entered on June 23, 2021.

¶21. The agreement of the parties and the court, however, does not control the outcome. "The deadline for filing a notice of appeal is mandatory and jurisdictional." *McChester*, 300 So. 3d at 1038 (¶13) (citing M.R.A.P. 2(a), (c); *Bailey v. Chamblee*, 192 So. 3d 1078, 1081-82 (¶11) (Miss. Ct. App. 2016)). In *Board of Supervisors for Lowndes County v.*

12

*Lowndes County School District ex rel. Lowndes County School Board*, 367 So. 3d 167, 173 (¶5) (Miss. 2023), the appellant argued that the appellees had waived their claim of untimely notice of appeal, and the supreme court explained that "the issue of this Court's lack of appellate jurisdiction cannot be waived." *See also Donald v. Reeves Transport Co.*, 538 So. 2d 1191, 1194 (Miss. 1989) ("[N]or can jurisdiction be conferred on this Court by stipulation of the parties."). Whether Black should be estopped from raising the issue on appeal is not outcome-determinative here. This Court has a duty to determine whether it has jurisdiction to consider an appeal. In *Parkerson Lumber*, 890 So. 2d at 834 (¶12), the supreme court stated:

> Regardless of whether the parties raise jurisdiction, the Court is required to note its own lack of jurisdiction, and if the notice of appeal is not timely filed, the appellate court simply does not have jurisdiction. *Michael v. Michael*, 650 So. 2d 469, 471 (Miss. 1995).

¶22.    Brown also argues that the amended order was interlocutory because it "failed to adjudicate Elaine's disputed statutory claim with respect to the reimbursement of attorneys' fees under Miss. Code Ann. § 91-8-709." As a result, Brown contends that the amended order did not adjudicate all claims, rights, and liabilities. This argument is not persuasive here. "Where the chancellor makes no specific findings, this Court proceeds on the assumption that the chancellor resolved all fact issues in favor of the appellee." *Ruff v. Est. of Ruff*, 989 So. 2d 366, 369 (¶11) (Miss. 2008) (citing *City of Picayune v. So. Reg'l Corp.*, 916 So. 2d 510, 519 (¶22) (Miss. 2005) (citing *Newsom v. Newsom*, 557 So. 2d 511, 514 (Miss. 1990))). While the chancellor made no specific findings in the amended order as to

13

the application of section 91-8-709, the issue was before her in the briefs and oral arguments of the parties, and we assume that she resolved that issue against Brown.

## CONCLUSION

¶23.    After years of litigation, all issues between the trustees, heirs/beneficiaries, and educational institutions were resolved by the agreed order entered on October 13, 2020. In that order, the chancery court held the sole remaining issue—the issue of attorney's fees—in abeyance and set a time for all motions to be filed. The chancellor heard all four motions on the same date. We find that the "Amended Order on Motions for Attorney's Fees" was a final appealable order when it was entered on June 23, 2021, regardless of the August 22, 2022 certification. Brown failed to perfect her appeal in compliance with Mississippi Rule of Appellate Procedure 4(a), and, as a result, this Court does not have jurisdiction. Pursuant to Mississippi Rule of Appellate Procedure 2(a)(1), this appeal is dismissed.

¶24.    **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**